JUDGE PRYOR
delivered the opinion oe the couet.
In the month of May, 1872, the present action was instituted by the administrator of Matthias Trousdale, deceased, against the appellee, John Anderson, upon an account for money loaned him by appellant’s intestate in the year 1855, amounting to three hundred dollars. Anderson pleaded the statute of limitation, and thereupon appellant filed an amended petition, alleging a promise by Anderson to pay the debt within five years prior to the institution of the action, etc. An issue was made upon this amended pleading, and the court below, after hearing the evidence, on motion of appellee Anderson instructed the jury to find for him. A verdict and judgment were then rendered against the administrator, and from which he prosecutes this appeal.
The evidence is that in the month of April, 1868, the appellee said to a man (the witness) by the name of Morin, when asked by the latter, “What about that debt of three hundred dollars to Matthias Trousdale?” and Anderson responded “that I (the witness) need not give myself any uneasiness about it; that he would pay the money.”
When the right to recover upon the original contract is barred by the statute of limitations, and there has been a new promise to avoid this statutory bar, it constitutes a different cause of action, and upon which the action must be brought. The amended pleading in the present case alleged the promise within five years prior to the institution of the suit, and the action was based upon this undertaking. A new contract or promise, supported by the original consideration, must be proven in order to enable the appellant to recover. If *278 Anderson contracted the debt originally by borrowing the money, and about which there is no controversy, he could not well have made any other contract in reference to it without having some one to contract with. No agreement is complete until the minds of the contracting parties meet; ap.d if a new promise or contract is necessary in such cases to constitute a cause of action, this promise or contract must be made by the debtor with some party authorized to make it. A mere acknowledgment to a stranger only operates to show that the original debt has never been paid, and can not of itself create a new contract. The appellee made no express promise to pay the intestate or his administrator this debt within the five years, nor did he acknowledge to either of the parties that the debt was due and that he intended to pay it. It does not appear that the witness Morin was the agent of the appellant or his intestate at the time the acknowledgment was made, and therefore any contract that might have been made between the witness and the appellee in regard to this debt would not have been obligatory on the appellant or his intestate.
A payment of the money by Anderson to Morin, the witness, would not have relieved him from his liability to the appellant, for the reason that Morin had no right to receive it; and hence no contract, express or implied, made with Morin without authority from the appellant or his intestate could have created a new obligation or promise upon the part of Anderson to either of them for the payment of the money.
Justice Story says, “ To take a case out of the statute the acknowledgment must be made not to a stranger, but to the creditor, or some one acting for him, and upon which the creditor is to act and confide.”
In the case of Bloodgood v. Bruen it is said, “As a general rule, the promise must be made to the person to whom the debt is payable, which forms its consideration, and not to a stranger.” (4 Selden, 369.)
*279 It therefore follows that in order to take a case like this out of the statute there must be an express promise to pay, or an unqualified acknowledgment that the debt is a subsisting debt, which the party is willing to pay; and this promise or acknowledgment must be made to the party to whom the debt is owing, or his agent authorized to collect or control it.”
The judgment of the court below is therefore affirmed.