(68 App. Div. 556.)

CITIZENS' PERMANENT SAVINGS & LOAN ASS'N v. RAMPE.

(Supreme Court, Appellate Division, Fourth Department.   January 7, 1902.)

MORTGAGES—CONVEYANCE—FORECLOSURE—AGREEMENT TO FORBEAR—CONSIDERATION.

Where defendant's son conveyed to him property subject to mortgage, and there was no agreement that the defendant would pay the mortgage, but plaintiff notified him that, unless principal and interest thereon were paid, the mortgage would be foreclosed, an agreement that if the plaintiff would forbear foreclosing, and would waive its right to declare the principal sum due, defendant would pay the amount secured by the mortgage, was supported by sufficient consideration.

Appeal from trial term, Monroe county.

Action by the Citizens' Permanent Savings & Loan Association against Charles W. Rampe. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Wilbur F. Osborn, for appellant.

William M. Bates, for respondent.

WILLIAMS, J. The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event. The action was brought to recover the amount due upon a bond and mortgage given by William F. Rampe, a son of defendant, to the plaintiff, upon an alleged oral agreement by defendant to pay the same. The son was a member of the plaintiff, and gave the bond and mortgage April 28, 1891, to secure the payment of $11,400 and interest in weekly installments. The payments were made by the son until February 20, 1893, when he made default. February 5, 1894, the son conveyed the property to the defendant, subject to the mortgage, but there was no agreement in the conveyance that the defendant would pay the mortgage. Thereafter, and prior to November 19, 1894, the plaintiff called upon the defendant to pay the arrearages of principal and interest, and notified him that, unless they were paid, the mortgage would be foreclosed. It is claimed that the defendant thereupon agreed that if the plaintiff would forbear foreclosing the mortgage, and would waive its right to declare the whole principal sum due, he would pay the amount secured by the bond and mortgage, and this was the agreement upon which the action was brought. The defendant denies the making of any such agreement, and there was more or less evidence given upon the trial by both parties bearing upon this issue. At the close of the evidence the court directed a verdict for the defendant upon the ground that there was no evidence authorizing the jury to find that any such agreement was made, or, if made, was enforceable, as founded upon a good consideration. There was evidence given tending to show that the defendant did promise to pay the bond and mortgage, and did make considerable payments thereon,—$1,000 at one time, and $500 at another, besides one or more small payments,—and that the plaintiff did forbear foreclosure for more than five years, and did not declare the whole principal sum due. The foreclosure was not commenced until June 10, 1900, and after the defendant had refused to make any further payments upon the bond and mortgage. Inasmuch as there will be a new trial in the case, we do not think it well to discuss the evidence in detail.

We are of the opinion that the direction of a verdict was improper, because there was evidence for the jury, and upon which they might have found the facts above referred to. The agreement was supported by a good consideration. In Strong v. Sheffield, 144 N. Y. 392, 39 N. E. 330, it was said by the court:

"There is no doubt that an agreement by the creditor to forbear the collection of a debt presently due is a good consideration for an absolute or conditional promise of a third person to pay the debt, or for any obligation

he may assume in respect thereto. Nor is it essential that the creditor should bind himself at the time to forbear collection or to give time. If he is requested by his debtor to extend the time, and a third person undertakes, in consideration of forbearance being given, to become liable, as surety or otherwise, and the creditor does in fact forbear in reliance upon the undertaking, although he enters into no enforceable agreement to do so, his acquiescence in the request, and an actual forbearance in consequence thereof for a reasonable time, furnish a good consideration for the collateral undertaking. In other words, a request followed by performance is sufficient, and mutual promises at the time are not essential, unless it was the understanding that the promisor was not to be bound except on condition that the other party entered into an immediate and reciprocal obligation to do the thing requested. * * * The general rule is clearly, and in the main accurately, stated in the note to Forth v. Stanton, 1 Saund. 210, note 'b'. The learned reporter says: 'And in all cases of forbearance to sue, such forbearance must be either absolute, or for a definite time, or for a reasonable time. Forbearance for a little, or for some time, is not sufficient.' The only qualification to be made is that in the absence of a specific time a reasonable time is intended."

In that case the time was not left to inference. The note did not extend the time of payment, because it was payable on demand, and there was other evidence to the effect that the creditor could sue the original debt at once. It is said here that there was no request to extend the time for the payment of the bond and mortgage. There were no such express words used, it is true, but the inference from what was said and done was necessarily of such request, and, no time being specified, a reasonable time, at least, would be inferred, also; and the plaintiff did forbear for over five years, and the defendant by reason thereof did make large payments upon the bond and mortgage. The statute of frauds is not available here. It was not raised by the pleadings, and the disposition of the case was not made upon any such ground. Moreover, the agreement as alleged and proved was an original promise made to protect the defendant's own property, rather than a promise to answer for the debt of his son.

Our conclusion is that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.