[Civ. No. 519.  Second Appellate District.—September 30, 1908.]

## CLARA A. HUENE, Appellant, v. J. C. CRIBB, JENNIE CRIBB, JOHN SINCLAIR, and TITLE GUARANTEE AND TRUST COMPANY et al., Respondents.

ACTION TO SET ASIDE SALE UNDER TRUST DEED—JUDGMENT UPON DE-
MURRER TO COMPLAINT—MORTGAGE—POWER OF SALE—PRESUMPTION
AGAINST PLEADER.—In an action to set aside a sale under a trust
deed for invalidity, in which judgment passed for defendants upon
demurrer to the complaint, the contention that the invalidity of the
sale is admitted for the reason that the complaint shows that no
power of sale was contained in the instrument, because alleging that
it was a trust deed in form but a mortgage in fact, is not tenable.
The complaint must be taken most strongly against the pleader,
and when the pleading does not specifically allege that the trust
deed in form did not contain the usual and ordinary power of sale
inserted in trust deeds, it must be presumed that it was contained
therein.  Trust deeds in this state ordinarily do, and mortgages may,
confer a power of sale.  If a fact necessary to a cause of action is
not alleged, it must be taken as having no existence.

ID.—TENABLE CAUSE OF ACTION—ASSUMPTION OF DEBT BY PURCHASER—
EXTENSION OF TIME—SALE IN VIOLATION OF AGREEMENT.—A com-
plaint alleging that plaintiff purchased the property subject to the
trust deed, and having abundant means to pay the debt, it was agreed
between him and the creditors and trustee that in consideration of
his agreement to pay the same the time of payment should be ex-
tended until an abstract of title should be furnished by the trustee
to plaintiff; but that, without furnishing the same, and without no-
tice to plaintiff, a sale was made in violation of the agreement for
the amount of the debt, and that the property was worth over $4,000
in excess thereof; and that upon discovering the sale, plaintiff ten-
dered the full debt and interest, and demanded a reconveyance, which
was refused—states a cause of action for relief against the sale,
and the demurrer thereto was improperly sustained.

ID.—CONSIDERATION FOR EXTENSION OF TIME—MATURITY OF DEBT—AU-
THORITY OF TRUSTEE.—The plaintiff not being personally liable to
pay the debt, the assumption of payment was a sufficient considera-
tion for the extension of time, and until the agreed abstract was
furnished the note did not mature; and until its maturity and de-
fault in payment, no authority reposed in the trustee to sell, so
long as the agreement remained in force without notice of rescission
by the creditors for unreasonable delay in the matter of the abstract.

ID.—ESTOPPEL OF CREDITORS.—The creditors, having made the agreement
through which the time was extended, could not, without notice to the

plaintiff, arbitrarily declare plaintiff's default, and they are estopped to claim any title acquired by sale made in violation of the agreement.

ID.—RIGHT OF PLAINTIFF TO ACCOUNTING.—Supposing the sale made to be effective, yet under the allegations of the complaint, the plaintiff is at least entitled to an accounting against defendants as trustees for the excess in the value of the property over the amount of the debt.

ID.—PARTIES—CREDITORS AND TRUSTEE.—The creditors who obtained the title and the trustee who made the sale were proper parties to the complaint either to set aside the sale or for an accounting of any excess in value of the property sold.

ID.—MISJOINDER OF CAUSES—SEPARATE STATEMENT.—Where the complaint shows no misjoinder of causes of action, the fact that several causes of action were not separately stated was not ground of demurrer, prior to the amendment of 1907 (page 706) to section 430 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

D. P. Hatch, and Ansel Smith, for Appellant.

Taylor O. Taylor, for Respondents.

ALLEN, P. J.—Appeal by plaintiff from a judgment rendered upon an order sustaining a demurrer to a complaint.

It is alleged in the complaint that on September 7, 1904, defendants Cribb and Sinclair conveyed to one Holmes certain described premises, and received, as part of the consideration therefor, the note of Holmes for $1,100, secured by a written instrument on the premises sold, in form a trust deed, but in fact a mortgage, in which instrument said Holmes was party of the first part, the Title Guarantee and Trust Company the party of the second part, and Cribb and Sinclair parties of the third part.   That on May 24, 1906, plaintiff acquired said premises subject to said written instrument; that afterward, on the 10th of July, 1906, when $889.98 of the indebtedness secured by said instrument was unpaid, the Title Guarantee and Trust Company and said Cribb and Sinclair agreed with plaintiff, in consideration of the full payment of the said note and interest due thereon, to extend the

time of payment of said note until the Title Guarantee and
Trust Company should prepare and deliver to plaintiff an ab-
stract of title for said premises, and on the 18th of October,
1906, on the same consideration, renewed said agreement, but
the Title Guarantee and Trust Company, although requested,
failed and neglected to deliver to plaintiff such abstract of
title and never prepared the same.  That plaintiff, relying
upon said promise and agreement, provided and had in her
possession at all times the money with which to pay off the
obligation so secured by said written instrument; that not-
withstanding this agreement, Cribb and Sinclair, on the 17th
of November, 1906, caused the Title Guarantee and Trust
Company to sell, under notice, the said premises, and Cribb
and Sinclair purchased the same for $1,275, claiming that
sum to be the amount due under the said instrument; that
plaintiff had no knowledge of such sale until the 26th of No-
vember, 1906; that on December 7th following she tendered
to Cribb and Sinclair and to the trustee the full amount for
which such property was sold, and all interest due thereon,
and demanded a reconveyance of said premises; that the prop-
erty so sold is of the value of $6,500.  Plaintiff prays that
the sale be set aside and declared void, that the property be
reconveyed to plaintiff and her title thereto be quieted, and
for other appropriate relief.

Defendants all joined in a demurrer to the complaint upon
the grounds, first, that several causes of action were improp-
erly joined and the causes of action were not separately stated;
second, on account of a misjoinder of parties defendant; on
account of uncertainties and ambiguities not necessary to
notice, and finally, a general demurrer for insufficiency of the
complaint to state a cause of action against the defendants
or either of them.  The court sustained this demurrer, and
no amendment being had, judgment was entered accordingly.

It is insisted by appellant that the sale was void because
it affirmatively appears by the complaint that no power of sale
was given in the instrument executed to secure the note.  The
instrument is declared by the complaint to have been in form
a trust deed, but in fact a mortgage.  Trust deeds in this state
ordinarily do, and mortgages may, confer a power of sale.
The complaint must be construed most strongly against the
pleader.  "If a fact necessary to his cause of action is not
alleged, it must be taken as having no existence." (*Hildreth*

*v. Montecito Creek W. Co.,* 139 Cal. 27, [72 Pac. 395].) If as a fact the usual and ordinary power of sale was not conferred by this deed of trust, it was incumbent upon plaintiff to allege that fact; otherwise it will be presumed that the usual and ordinary powers were therein contained. The complaint, however, stated facts which, if true, were sufficient to defeat the sale so made, under the circumstances. Plaintiff alleges that she purchased the property subject to the encumbrance, from which no personal liability would follow, but that after she acquired the title she entered into an agreement with Cribb and Sinclair by which she assumed the obligation, in consideration that the payment of the note be extended until the defendant corporation should prepare and deliver to plaintiff an abstract of title. This assumption of payment was a sufficient consideration for the extension of time, and until such abstract was furnished the note did not mature, and until its maturity and default in payment no authority reposed in the trustee to sell. This, of course, presupposes good faith upon the part of all concerned, and would not conclude Cribb and Sinclair to the extent of indefinitely postponing payment in the event the corporation should fail for an unreasonable period to provide such abstract; but an unreasonable delay upon the part of the abstract company, or its refusal to carry out its agreement, would be facts of which Cribb and Sinclair might avail themselves under a notice of rescission of the contract of extension, but having once agreed to extend payment until the abstract company furnished the abstract they could not, without notice to plaintiff, arbitrarily proceed to declare plaintiff's default. Cribb and Sinclair, having made the agreement through which the time was extended, are estopped now to claim any title acquired by sale made in violation thereof. In addition to this, were it even conceded that under the allegations of the complaint the sale so made was effective, nevertheless it affirmatively appears that a large excess above the amount due upon the note was realized from the sale, which, if not paid to the trustee, is now in the hands of the purchasers, Cribb and Sinclair. All of these parties are affected by the trust undertaken by the corporation, and if the fact be as alleged in the complaint, that the sale price was in excess of the amount required to satisfy the indebtedness, there is sufficient in the complaint for an accounting as against the trustee, to which

proceeding Cribb and Sinclair are proper parties under the circumstances detailed in the complaint. There was no misjoinder of causes of action (Code Civ. Proc., subd. 4, sec. 427) ; and that they were not separately stated was a matter which could not be reached by a demurrer at the time these proceedings were had—the amendment to section 430, Code of Civil Procedure (Laws 1907, p. 706), not then being in force.

We think the court erred in sustaining the demurrer, and the judgment is reversed and cause remanded for further proceedings.

Shaw, J., and Taggart, J., concurred.