[Civ. No. 638.    Third Appellate District.—October 19, 1909.]

## PRESIDENT AND BOARD OF TRUSTEES OF CALIFORNIA COLLEGE, a Corporation, Appellant, v. C. S. STEPHENS, Respondent.

MORTGAGE—STATUTE OF LIMITATIONS—WRITTEN ACKNOWLEDGMENT PRIOR TO BAR.—In an action to foreclose a mortgage presumptively barred by the statute of limitations, where the plaintiff relies upon a written acknowledgment of the mortgage debt made before the statute had run, such acknowledgment, if sufficient, had the effect to extend the mortgage debt, and the mortgage lien continued with it.

ID.—ESSENTIAL ELEMENTS OF SUFFICIENT ACKNOWLEDGMENT—UNQUALIFIED ADMISSION TO CREDITOR OR KNOWN REPRESENTATIVE.—In order to render such acknowledgment sufficient, it must be a direct, distinct, unqualified and unconditional admission of the debt which the party is ready and willing to pay, and it must be made either to the creditor himself or to one known to be his agent or legal representative.

ID.—ACKNOWLEDGMENT TO STRANGER INSUFFICIENT.—An unqualified acknowledgment of the existence of the mortgage debt, made to a stranger, and which was not calculated or intended to influence the action of the creditor, will not take the case out of the statute, nor constitute a cause of action in favor of the creditor against the debtor.

ID.—DISTINCTION AS TO TIME OF ACKNOWLEDGMENT TO STRANGER IMMATERIAL.—There is no ground for a distinction in favor of an acknowledgment to a stranger made prior to the bar of the statute, and against one made after the bar of the statute has run, either as to the character or nature of the promise or the person to whom it is made. The distinction between the acknowledgment of a debt

before and after the statute has run consists merely in its effect upon the debt and the remedy; and there is as much reason in requiring the acknowledgment to be made to the creditor or some one in privity with or representing him in the one case as in the other.

ID.—PURPOSE OF ACKNOWLEDGMENT PRIOR TO BAR OF STATUTE—RELIANCE BY CREDITOR.—The main purpose of requiring the acknowledgment made prior to the bar of the statute to be made to the creditor or some one known to represent him is that he may depend thereon and know when his lien will expire. He cannot depend upon an acknowledgment to a stranger of which he is ignorant, and to allow the statute to expire and then plead such acknowledgment is the result of his own negligence, and such acknowledgment has no legal effect in his favor.

ID.—ACKNOWLEDGMENT BY MORTGAGOR TO COUNTY ASSESSOR—STATUTE NOT WAIVED.—An acknowledgment of the existence of the mortgage lien made by the mortgagor to the county assessor for his information alone, and for the purpose of relieving himself of part of the taxes, and to prevent the mortgage from being overlooked to his detriment, is made to a stranger. The mortgagee cannot claim it as a waiver of the statute, when it was not intended to be communicated to, and was not relied upon by, the mortgagee, and the complaint does not aver that it was known until three years thereafter, when the complaint was prepared.

APPEAL from a judgment of the Superior Court of San Joaquin County. W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

Robert B. Gaylord, for Appellant.

Budd & Thompson, for Respondent.

CHIPMAN, P. J.—This is an action to foreclose a mortgage. The promissory note to secure which the mortgage was given became due July 13, 1900, and would be barred by lapse of time July 13, 1904. The complaint was filed October 14, 1907. Defendant demurred to the complaint on the ground that the action was barred by the statute of limitations; the demurrer was sustained and defendant had judgment accordingly. The appeal is from this judgment.

The contention of appellant is that defendant acknowledged the indebtedness in writing before the statute had run, and hence the court erred in sustaining the demurrer. The complaint alleged that no part of the principal or interest

of the note had been paid except interest to October 13, 1899. Paragraph XI of the complaint is as follows:

"That subsequent to the first day of March, 1904, and prior to the thirteenth day of July, 1904, to wit, on or about the first day of April, 1904, said defendant C. S. Stephens voluntarily rendered and delivered to the assessor of the said county of San Joaquin the statement required by the provisions of section 3629 of the Political Code of the state. of California, for the purpose of assessment of property owned by him or in his possession or under his control on the first Monday in March, 1904. That said statement was in writing and was signed and subscribed by the said C. S. Stephens, and was made by him under oath, which oath was subscribed to the said statement, and that said statement purported to set forth all property subject to taxation, owned, claimed, possessed or controlled by him at 12 o'clock noon on the first Monday in March, 1904, and which had not already been assessed that year, and that said statement among other property listed as belonging to the said C. S. Stephens, designated and described the real property hereinbefore described, and that by and in said statement it was by said C. S. Stephens in writing stated and declared that the said real property was subject to the lien of the mortgage above alleged, and that a mortgage upon said real property was held by the mortgagee above referred to in the sum of five thousand dollars (5,000), and that the interest of the mortgagee under said mortgage in and to the premises therein and hereinabove described was pursuant to said statement assessed to this plaintiff for the fiscal year for which said statement was rendered as aforesaid, and that this plaintiff paid the taxes under such assessment."

The acknowledgment relied upon was made before the statute had run, and if sufficient the action was in time. Section 360, Code of Civil Procedure, provides as follows: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged." The rules in this state were very recently stated by the supreme court in *Sanford* v. *Bergin,* 156 Cal. 43, [103 Pac. 333], as to which the court said: "The effect of the application of these rules to a debt secured by a mortgage is that where the acknowl-

edgment is made before the action is barred, the original contract being thereby kept alive, the mortgage is not extinguished by the lapse of the period of limitation after the cause of action first accrued. The original contract not having been barred at the time of such acknowledgment, it is extended and the mortgage lien continued with it. But where the new promise or acknowledgment occurs after the debt is barred and the mortgage lien extinguished, the new promise, express or implied, becomes the basis of the cause of action and it does not revive or renew the lien.'' Here, however, the acknowledgment having been made before the statute had run, its effect, if sufficient, was to continue the original contract and the mortgage lien continued with it. Was the acknowledgment sufficient? The statute (Code Civ. Proc., sec. 360) does not say at what time, with reference to the due date of the obligation, or to whom the promise must be made. In fact, it may be made at any time, before or after the debt is barred, and the time merely affects the foundation or basis of the action—i. e., in the one case it is upon the original contract and in the other upon the new promise.

Upon the question as to the character of the acknowledgment or promise, our supreme court has held that it must be a direct, distinct, unqualified and unconditional admission of the debt which the party is liable and willing to pay. (*Pierce* v. *Merrill*, 128 Cal. 473, [79 Am. St. Rep. 63, 61 Pac. 67].) As to the person to whom the promise must be made, Mr. Wood says, in his work on Limitations, section 79 (third edition), that the promise must not only be made by one legally competent, but must be made to the creditor himself, or to some person duly authorized to act for him in that regard, and if made to an agent, in order to make it operative, it must appear that the debtor at the time knew that the person was acting as the agent of the creditor. (See the authorities, note 1, p. 220.) It has been held in some of the states that the acknowledgment to a stranger is sufficient, but we understand the rule in most of the states to be otherwise, as it is in this state. It was said by this court in *Visher* v. *Wilbur*, 5 Cal. App. 562, [90 Pac. 1065, 91 Pac. 412]: ''The test would seem to be, it seems to us, was the party to whom the acknowledgment, if any, was made legally competent to make a contract with respect to

the subject as to which the statute had run?''  (Citing *Biddel* v. *Brizzolara*, 64 Cal. 354, [30 Pac. 609].)  In that case the supreme court said: ''It is very certain that an actual promise can be made only to the creditor, and it follows that the acknowledgment from which the promise is to be inferred must be made to the creditor.  An admission to a stranger of the existence of the debt cannot be construed an acknowledgment to the creditor such as indicates an intention on the part of the person making the admission to hold himself bound to pay, nor is it expressive of his willingness to pay.  'An unqualified acknowledgment to a stranger will not take the case out of the statute or constitute a good cause of action.'  (*Trousdale's Admr.* v. *Anderson*, 9 Bush, 276; *Kyle* v. *Wells*, 17 Pa. 286, [55 Am. Dec. 555]; *Taylor* v. *Hendrie*, 8 Nev. 243.)''  See, also, *Rounthwaite* v. *Rounthwaite* (Cal.), 68 Pac. 304, where the supreme court said: ''Section 360 (Code Civ. Proc.) refers to the acknowledgment or promise of the party charged by the original contract, to the person in whose favor the contract was made.''  The Nevada case was decided under a statute the same as ours.

In *Kyle* v. *Wells*, 17 Pa. 286, [55 Am. Dec. 555], cited in *Biddel* v. *Brizzolara*, 64 Cal. 354, [30 Pac. 609], the court said: ''There is a maxim in the Roman law, *Per extraneam personam nihil nobis acquiri potest*—through a stranger we can acquire no rights; and though this maxim is not in form found in our law, yet its principle is at the foundation of all our rules as to the privity of contract and estate, and as to matters *inter alios acta*.  If, then the defendant had expressly told the witness that he would call and pay this would have been but the expression of a determination revocable at pleasure and would have created no legal duty.  It is a perversion of the word 'promise' to apply it to a declaration made to one who has no interest in or connection with the subject spoken of; and we cheat the law and morality too, of their rights, when we distort the meaning of words to reach a desired conclusion: 1 Bouvier's Institutes, 339.''  (See, also, *Fort Scott* v. *Hickman*, 112 U. S. 161, [5 Sup. Ct. 56]; *Sheppard* v. *Thompson*, 122 U. S. 238, [7 Sup. Ct. 1229]; *Sibert* v. *Wilder*, 16 Kan. 176, [22 Am. Rep. 280]; *Kenan* v. *Holloway*, 16 Ala. 53, [50 Am. Dec. 162].)  In *Wakeman* v. *Sherman*, 9 N. Y. 85, it was held that ''the promise must be made to the creditor or some one acting for him, or if

made to a third person, must be calculated and intended to influence the action of the creditor." (Citing *Bloodgood* v. *Bruen,* 8 N. Y. 362.) In *Ringo* v. *Brooks,* 26 Ark. 540, it was held that the promise must be to the creditor. So, also, in *Niblack* v. *Goodman,* 67 Ind. 174; *Wachter* v. *Alba,* 80 Ill. 47; *Cape Girardeau Co.* v. *Harbison,* 58 Mo. 90.

In *Farrell* v. *Palmer,* 36 Cal. 187, it was held that an acknowledgment of a debt to the administrator of the estate of the creditor, deceased, is sufficient, since the administrator stood as the legal representative of the creditor. But in *Visher* v. *Wilbur,* 5 Cal. App. 562, [90 Pac. 1065, 91 Pac. 412], such an acknowledgment was insufficient where the acknowledgment was to an heir of the deceased, who afterward became administrator. At the time of the acknowledgment he sustained no relation to the estate.

Appellant makes a distinction between an acknowledgment or promise given before the statute has run and one given after it has run, which latter was the case in *Biddel* v. *Brizzolara,* 64 Cal. 354, [30 Pac. 609], and *Visher* v. *Wilbur,* 5 Cal. App. 562, [90 Pac. 1065, 91 Pac. 412]. The argument is that as the basis of the action in the latter case is the new contract, there must be a meeting of the minds of the parties, whereas in the former, the basis of the action being the original contract, no subsequent meeting of minds is necessary. "In such case, the purpose of the statute," it is urged, "is to require the solemnity of a written acknowledgment which admits the indebtedness as an existing liability, if the presumption of payment arising from lapse of the statutory period is to be considered by the court as rebutted; but that solemnity and definiteness of evidence is equally obtained whether the acknowledgment is made to the creditor himself or to a third party, and therefore the purpose of the statute is accomplished in the latter case." We fail to recognize any just ground for this distinction so far as concerns the fact of making the promise—either as to the character or nature of the promise or the person to whom made. As said by Mr. Wood: "The distinction between the acknowledgment of a debt before and one after the statute has run consists merely in its effect upon the debt and the remedy." (Wood on Limitations of Actions, sec. 81. See, upon the point, *Southern Pacific Co.* v. *Prosser,* 122 Cal. 413-416, [52 Pac. 836, 55 Pac. 145].) If this be true, there is as much

reason in requiring the acknowledgment to be made to the creditor or some one in privity with him or representing him, in the one case as in the other. It is not alone the solemnity of the acknowledgment that suspends the operation of the statute, but it is that fact coupled with the further fact that it is made under such circumstances as would have the effect either to keep alive the original contract or create a new contract; and it seems to us that the fact should be communicated to the creditor for equally strong reasons in both of the cases suggested by appellant. Indeed, there is additional reason why the acknowledgment, when made before the statute has run, should be made to the creditor or some one representing him. Presumably the creditor knows when the statute will bar his action. If the debt is acknowledged to him, he may safely assume that the statute begins then to run, that a new period of limitation is agreed upon and the debtor is estopped to deny it. But if not made to him or his representative, and he allows the statute to run, the creditor should be held to the consequences of his neglect to bring his action in time. Conceding that this result follows properly where the debtor acknowledges the indebtedness to a stranger after the statute has run, we feel quite satisfied that like consequences should follow where a similar acknowledgment is made before the statute has run.

It is further claimed that, conceding the rule to be as contended by respondent, the acknowledgment to the county assessor for the purpose of relieving the defendant of a portion of his taxes, "is sufficiently connected with the mortgagee to allow him to rely upon it as a waiver of the statute." We do not agree with appellant in this contention. We incline to appellant's view that the statement made to the assessor was voluntary, for, as we read the statute pleaded (Pol. Code, sec. 3629), it would seem to be the duty of the mortgagee to return the mortgage indebtedness as part of his property, and that it cannot be regarded as the property of the mortgagor or that there is any duty put upon him to return it. His object in doing so is to secure a reduction *pro tanto* of his taxable property and to avoid the possibility of its being overlooked by the assessor and the burden cast upon the land instead of the mortgagee. The mortgage is the property of the mortgagee, whose duty it is to return it

11 Cal. App.—34

for taxation. But however this may be, the return made by the mortgagor was to the assessor for his information alone, and had no necessary connection with the mortgagee, and there is no presumption that the mortgagee knew of it or acted upon it, and there is no allegation that it had any knowledge of it until the complaint was prepared, which was three years after this statement was made, or that it was with intention that it be communicated to the mortgagee. It seems to us that the assesssor stood in no different relation to the mortgagee in the matter than any stranger to whom such a statement or acknowledgment has been made.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 16, 1909.