[Civ. No. 2704.    First Appellate District, Division Two.—February 4, 1919.]

LYDIA W. FIELDING, Respondent, v. EVELYN M. ILER, Defendant; EDWARD W. ANDERSON et al., Appellants.

STATUTE OF LIMITATIONS—ACKNOWLEDGMENT OF INDEBTEDNESS.—A letter to a mortgagee written two days before the expiration of the statutory period of limitations by one of two persons who had previously assumed the mortgage and agreed to pay it, plainly and distinctly acknowledging the existence of the mortgage indebtedness,

was sufficient to toll the statute of limitations as to the writer of the letter, although such letter contained no promise to pay the indebtedness.

ID.—MORTGAGE FORECLOSURE—VARIANCE BETWEEN PLEADING AND PROOF UNPREJUDICIAL.—Where the mortgage in such case had been assumed by a husband and wife who were made defendants in an action to foreclose it, a variance between the pleadings and the proof, in that the complaint alleged an acknowledgment in writing by the defendants, while the proof was that the letter was written by the wife alone, was not fatal as to her, and must be disregarded, since it could not be successfully maintained that the adverse party was misled to her prejudice by the variance.

APPEAL—OBJECTION TO WRITTEN EVIDENCE—LACK OF PROOF OF GENUINENESS—FORM OF OBJECTION.—Objection to the introduction of a letter in evidence cannot be considered on appeal on the ground that the record contains no proof that the letter was written or signed by the person by whom it purported to have been written, when the only objection made at the trial was that it was "incompetent, irrelevant and immaterial."

MORTGAGE—ASSUMPTION BY GRANTEE OF MORTGAGED PREMISES—LIABILITY, NATURE OF.—The grantee in a deed of mortgaged premises which contains a clause by which such grantee assumes and agrees to pay the mortgage becomes primarily liable to the mortgagee. Thereafter he is "the party to be charged" within the meaning of section 360 of the Code of Civil Procedure.

ID.—ACTION TO FORECLOSE MORTGAGE — SUCCESSIVE ABSENCES OF DEFENDANT FROM STATE.—In an action commenced in December, 1915, to foreclose a mortgage executed to secure a note dated December 21, 1908, payable three years thereafter, successive absences from the state of a defendant primarily liable during the period between December 21, 1911, and December 21, 1915, aggregating more than two years of absence during that period, warranted the conclusion that the cause of action against such defendant was not barred.

APPEALS from a judgment of the Superior Court of Alameda County. Stanley A. Smith, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

John L. McVey for Appellants.

L. R. Weinmann for Respondent.

HAVEN, J.—Action for foreclosure of a mortgage given as security for the payment of a promissory note dated Decem-

ber 21, 1908, and payable three years after date. In July, 1909, the defendant Iler, maker of the note and mortgage, conveyed the mortgaged premises to the defendants Anderson, who are husband and wife. This conveyance contained the stipulation "that the same was made subject to said mortgage which the parties of the second part therein assumed and agreed to pay." Thereupon the defendants Anderson entered into possession of the mortgaged premises, and paid interest upon the mortgage debt to the plaintiff from the summer of 1909 until September, 1915. About the middle of December, 1915, the plaintiff wrote the defendants Anderson, calling their attention to the fact that the time was drawing near for new papers to be made out and asked them "to make up a deed of trust instead of a mortgage." Two days before the expiration of the statutory period of limitation on the original promissory note, the defendant, Josephine V. Anderson, wrote the following letter to plaintiff:

"Dec. 19, 1915.

"Your note of December 11th at hand and I would like to have you continue the mortgage. In regards to taking out new papers for the same that will not be necessary as I had spoken to Mr. Adams in 1913 about that as the five years of the mortgage was up then and he informed me that you would agree to extend the payment of the same every two years and I still have the same paper so that if it is all the same to you I will be to see you on either the 27th or 28th of December, more likely the 27th. With best wishes for a happy Xmas I remain

"Respectfully,

"JOSEPHINE V. ANDERSON."

About December 27, 1915, defendants Anderson called upon plaintiff and offered to pay interest on the mortgage debt, which plaintiff refused to accept.

This action was commenced May 10, 1916. The defendants filed a joint answer, in which they pleaded the provisions of section 337, subdivision 1, of the Code of Civil Procedure, as a bar to the cause of action set forth in the complaint. The trial court sustained the plea of the statute of limitations in favor of the defendant Evelyn M. Iler, maker of the note, and judgment was entered in her favor, but overruled the plea as to both of the defendants Anderson, against whom

39 Cal. App.—36

judgment of foreclosure was rendered, from which they prosecute this appeal.

The letter above set forth contains a distinct admission of the existence of the mortgage indebtedness. For that reason it was a sufficient acknowledgment to toll the statute of limitations as to the appellant, Josephine V. Anderson. (*Concannon* v. *Smith,* 134 Cal. 14, [66 Pac. 40]; *Foster* v. *Bowles,* 138 Cal. 346, 351, [71 Pac. 494]; *Worth* v. *Worth,* 155 Cal. 599, [102 Pac. 663]; *Southern Pacific Co.* v. *Prosser,* 122 Cal. 413, [52 Pac. 836, 55 Pac. 145].)

In the first case above cited the supreme court say that such an acknowledgment "is sufficient if it shows that the writer regards or treats the indebtedness as subsisting." In the Foster case it is said: "It was not necessary that respondents should promise to pay the indebtedness in order to establish a new date for the statute to commence running as to the mortgage. All that was required was a plain and distinct acknowledgment in writing of the existence of the mortgage." In our opinion this letter meets the test laid down by the above cases, and is not a conditional promise within the rule of *Rodgers* v. *Byers,* 127 Cal. 528, [60 Pac. 42], as claimed by appellants.

The complaint alleged that the *"defendants* did acknowledge to plaintiff in writing said indebtedness to plaintiff and said mortgage." The only proof of this allegation was the letter signed by the one defendant, Josephine V. Anderson. Appellants claim that this constitutes a fatal variance between the allegations of the complaint and the proof. It cannot successfully be maintained, however, that the adverse party was misled to his prejudice by this variance, if any; and therefore it must be disregarded. (Code Civ. Proc., sec. 469; *Taylor* v. *Morris,* 163 Cal. 717, 724, [127 Pac. 66].)

Objection is made to the receipt in evidence of the letter above referred to, upon the ground that the record contains no proof that such letter was either written or signed by Mrs. Anderson. The only objection made in the trial court to the admission of this letter in evidence was that it was incompetent, irrelevant, and immaterial. Under such circumstances the objection of want of sufficient proof of signature is not available to appellants here. (*Crocker* v. *Carpenter,* 98 Cal. 418, 421, [33 Pac. 271]; *French* v. *Atlas Mill Co.,* 17 Cal. App. 226, [119 Pac. 203].) Furthermore, the respond-

ent testified that the letter was received by her from Mrs. Anderson and was the latter's reply to the earlier letter of inquiry. In the absence of specific objection, this is sufficient proof of the signature to the letter.

The further point is made that the acknowledgment of the indebtedness by Mrs. Anderson is ineffectual because made by a stranger to the original promissory note and mortgage. This contention is without merit. The grantee in a deed of mortgaged premises, which contains a clause by which such grantee assumes and agrees to pay the mortgage indebtedness, becomes primarily liable to the mortgagee. Thereafter he is "the party to be charged," within the meaning of section 360 of the Code of Civil Procedure. (*Williams* v. *Naftzger,* 103 Cal. 440, [37 Pac. 411]; *Daniels* v. *Johnson,* 129 Cal. 415, [79 Am. St. Rep. 123, 61 Pac. 1107]; *Lick* v. *Anderson,* 29 Cal. App. 491, [156 Pac. 70].)

As to the appellant Edward W. Anderson, the court found "that on divers occasions between the twenty-first day of December, 1911, and the twenty-first day of December, 1915, said defendant Edward W. Anderson did depart from and absent himself from the state of California, and that the aggregate time covered by the successive absences of said defendant from said state during said period is more than two years, to wit, is approximately two years and six months."

This finding is not attacked as being unsupported by the evidence, but it is claimed it is not sufficient to warrant a judgment against that appellant. With this we cannot agree. The time which elapsed between the maturity of the note and the commencement of the action was less than four and one-half years. Successive absences from the state aggregating more than two years during that period warranted the conclusion that the cause of action against such appellant was not barred. (Code Civ. Proc., sec. 351; *Watt* v. *Wright,* 66 Cal. 205, [5 Pac. 91].)

Judgment affirmed.

Langdon, P. J., and Brittain, J., concurred.