[Civ. No. 8938. First Appellate District, Division One.—January 9, 1934.]

MEYER WOOD et al., Respondents, v. E. H. WILLEY, Appellant.

Collamer A. Bridge and Ratzer, Bridge & Gebhardt for Appellant.

Harley E. Riggins, G. R. Dexter and Joseph Hansen for Respondents.

THE COURT.—The above action was brought to quiet plaintiff's title to a parcel of land in Los Angeles County. Plaintiffs acquired title from the estate of J. J. Morgan, deceased, by deed dated September 20, 1929, and recorded on September 27, 1929. Morgan acquired the property from F. N. & J. Willey on November 8, 1902, by a deed which recited that the conveyance was made subject to "the mortgage on this and other property for the amount of $14,000". The mortgage referred to was executed by W. E. Hoel and others to the Willeys, and it was recorded on March 10, 1920. The same was assigned to appellant E. H. Willey on June 6, 1922, and the assignment was duly recorded. The mortgage secured a note payable on or before three years after March 1, 1920. So far as appears by the public records the note and mortgage were barred by the statute of

limitations at the time of the plaintiffs' purchase. On February 2, 1925, Morgan executed an agreement in writing to pay appellant Willey on March 2, 1926, the balance which remained unpaid on the note, namely, $500 with interest, and said appellant therein agreed to extend the time for payment accordingly. This agreement was not acknowledged nor recorded, and no part of the said amount or the interest thereon has been paid. Willey alleged that plaintiffs had notice at the time of their purchase of all of the above facts, and acquired title subject to the lien of the mortgage. The court, however, found against these allegations, and entered judgment quieting plaintiffs' title as against Bank of America of California, a corporation, and Mary L. Willey, who were joined as defendants, and said E. H. Willey. The latter, who has appealed, contends that these findings are unsupported, and that the lien of the mortgage continued by virtue of said agreement.

As urged by plaintiffs, one not personally liable for the debt secured, who acquires mortgaged land for a consideration after the lapse of time within which an action to foreclose the mortgage could be brought and at a time when the records show the lien to be extinguished may quiet his title as against the mortgagee without paying the debt (*Faxon* v. *All Persons*, 166 Cal. 707 [137 Pac. 919, L. R. A. 1916B, 1209] ; *Fontana Land Co.* v. *Laughlin*, 199 Cal. 625 [250 Pac. 669, 48 A. L. R. 1308]). Here, however, as found by the trial court, Morgan, in consideration of an extension, agreed to pay the balance of the debt on February 22, 1926. This promise was made before the debt was barred by the statute, and appellant's agreement to extend the time was a sufficient consideration therefor (41 Cor. Jur., Mortgages, sec. 773, p. 727; *Huene* v. *Cribb*, 9 Cal. App. 141 [98 Pac. 78]; *Wiswall* v. *Giroux*, 70 Colo. 121 [197 Pac. 759]; *Iowa L. & T. Co.* v. *Haller*, 119 Iowa, 645 [93 N. W. 636]; *Citizens etc. Sav. Assn.* v. *Rampe*, 68 App. Div. 556 [74 N. Y. Supp. 192]). Although Morgan did not assume the debt at the time the property was conveyed to him the effect of his promise was to extend both the debt and the lien of the mortgage (*London & San Francisco Bank* v. *Bandmann*, 120 Cal. 220 [52 Pac. 583]; *Southern Pac. Co.* v. *Prosser*, 122 Cal. 413 [52 Pac. 836, 55 Pac. 145]; *Daniels* v. *Johnson*, 129 Cal. 417 [61 Pac. 1107, 79 Am. St. Rep. 123]; *Stanford

v. *Bergin,* 156 Cal. 43 [103 Pac. 333] ; *Curtis* v. *Holee,* 184 Cal. 726 [195 Pac. 395, 18 A. L. R. 1024] ). ■ It is also the rule that if a mortgagor while still the owner of the mortgaged property procures an extension of the time of payment a purchaser of the property from him takes the same subject to the lien of the mortgage until the debt is barred by the statute of limitations, although at the time of his purchase he did not know that the time of payment had been extended (*Lent* v. *Morrill,* 25 Cal. 492; *Newhall* v. *Hatch,* 134 Cal. 269 [66 Pac. 266, 55 L. R. A. 673] ; *Craig* v. *Dinwiddie,* 77 Cal. App. 681 [247 Pac. 516] ). The same principle applies where the extension agreement is procured by the mortgagor's successor in interest who has promised to pay the debt (*Curtis* v. *Holee, supra; Ekmann* v. *Plumas County Bank,* 215 Cal. 671 [12 Pac. (2d) 433] ), and such an agreement is good against all whose rights were not in existence at the time of the extension (*Ekmann* v. *Plumas County Bank, supra*).

■ The evidence shows without conflict that both plaintiffs and a title insurance company, which acted as escrow-holder in the transaction through which plaintiffs acquired title, and which company issued to them its policy insuring the title, knew before the title passed of the existence of the mortgage in question. As held in *Lent* v. *Morrill, supra,* and the other cases cited, although plaintiffs may have been ignorant of the fact that the note and mortgage had been extended, they knew that the mortgage had not been discharged of record, and were bound to know as a matter of law that a renewal of the note was a possible event. Under such circumstances it was their duty to inquire as to whether it had been renewed or extended in fact. Here an officer of the title company testified that while the deed was in escrow appellant advised the company that he held a mortgage on the property and asked for information regarding the proposed transfer, but information was refused. It is evident from this that appellant was diligently seeking to apprise those interested of his claim. Whether plaintiffs were chargeable with constructive notice by the information conveyed by appellant to the escrow-holder it is unnecessary to decide (see *Early* v. *Owens,* 109 Cal. App. 489 [293 Pac. 136] ) as according to the cases cited the record was suffi-

cient for this purpose, and, so far as shown, no inquiries were made by plaintiffs or the title company.

Under the admitted facts and the law as declared in the above cases the finding that plaintiffs did not prior to their purchase have notice that the mortgage had been extended is not sustained. Moreover, it has been held not to be sufficient in cases of this character to find merely that a party was without actual notice or knowledge (*Prouty* v. *Devin*, 118 Cal. 258 [50 Pac. 380]). That plaintiffs own the legal title to the property as joint tenants, and that defendants Bank of America, a corporation, and Mary L. Willey have no right, title or interest therein, is undisputed; and to that extent the judgment is affirmed; but that portion thereof which in effect adjudges that appellant E. H. Willey has no lien thereon by virtue of said mortgage is reversed.