[Civ. No. 11328.   First Appellate District, Division Two.—February 16, 1940.]

F. LEWIS ANDRE, Executor, etc., Respondent, v. MADE-LINE F. STILSON et al., Defendants; GEORGETTE A. BECKJORD et al., Appellants.

John A. Jorgenson for Appellants.

Burr & Smith and A. J. Cathcart for Respondent.

SPENCE, J.—This action was brought to foreclose a mortgage executed by defendant Madeline F. Stilson in 1925. In 1926 defendant Stilson conveyed the property to her daughter, defendant Georgette A. Beckjord, also known as Georgette A. Moore, who will be hereinafter referred to as defendant Moore. In 1932 defendant Moore conveyed the property to defendant Jesse G. Beckjord, who will be hereinafter referred to as defendant Beckjord. Defendants Moore and Beckjord thereafter married. Defendants interposed the plea of the statute of limitations (Code of Civil Procedure, sec. 337). The trial court found against said plea and entered judgment decreeing foreclosure of said mortgage and the personal liability of defendants Stilson and Moore for any deficiency. Defendants Moore and Beckjord appeal from said judgment.

All questions raised on this appeal relate either directly or indirectly to the plea of the statute of limitations. The note and mortgage were dated October 28, 1925. The note was in the sum of $3,000 and said note provided for payment of the principal "on or before three years after date". The note therefore matured on October 28, 1928, and an action to foreclose the mortgage would normally have been barred unless commenced within four years after October 28, 1928. The complaint herein was filed on April 19, 1935. Plaintiff relied upon certain agreements and certain correspondence with defendants to defeat the plea of the statute of limitations.

█ Defendants first contend that "the mortgage and note were outlawed as to defendants Moore and Beckjord and it was error to render judgment against them for foreclosure thereof". We find no merit in this contention.

We will first consider said contention with relation to defendant Moore and we will confine our discussion to certain correspondence had by plaintiff with defendant Moore in 1931 and after April 19th of that year. Such correspondence was had before the statute of limitations could have barred the action on the original obligation and was had within four years of the filing of the complaint herein. While we find sufficient acknowledgments of the indebtedness in several letters of the defendant Moore written during that period, we may rest our conclusions upon a letter written by said defendant on July 25, 1931, and upon a letter written by plaintiff to said defendant on November 4, 1931, which last mentioned letter was signed as accepted by defendant Moore. The subject matter of most of the correspondence was the payment of interest and the views of the parties regarding possible renewal or extension. In the course of the correspondence, a dispute arose as to whether any suggested renewal should take the form of a mortgage or a deed of trust. It would serve no useful purpose to set forth all of the correspondence as the letters dated July 25, 1931, and November 4, 1931, are sufficient.

Under date of July 25, 1931, defendant Moore wrote and signed a letter reading as follows: "Dear Miss Canty: Enclosed please find check for interest on mtg., note. Would you consider renewing this mortgage for one more year? An early reply will be appreciated. Yours truly, (Signed)

G. A. Moore." This letter alone constituted a sufficient acknowledgment within the meaning of section 360 of the Code of Civil Procedure and was sufficient to defeat the plea of the statute of limitations as to said defendant. It was accompanied by a payment of interest and it constituted as distinct an admission of the existence of the indebtedness as did the letter under consideration in *Fielding* v. *Iler,* 39 Cal. App. 559 [179 Pac. 519]. In that case the court said at page 562, "The letter above set forth contains admission of the existence of the mortgage indebtedness. For that reason it was a sufficient acknowledgment to toll the statute of limitations as to the appellant, Josephine V. Anderson. (*Concannon* v. *Smith,* 134 Cal. 14 [66 Pac. 40]; *Foster* v. *Bowles,* 138 Cal. 346, 351 [71 Pac. 494]; *Worth* v. *Worth,* 155 Cal. 599 [102 Pac. 663]; *Southern Pacific Co.* v. *Prosser,* 122 Cal. 413 [52 Pac. 836, 55 Pac. 145].)" Here, as in the Fielding case, defendant relies on *Rodgers* v. *Byers,* 127 Cal. 528 [60 Pac. 42], but the court further said in the Fielding case on page 562, "In our opinion this letter meets the test laid down by the above cases, and is not a conditional promise within the rule of *Rodgers* v. *Byers,* 127 Cal. 528 [60 Pac. 42], as claimed by appellants."

■ Under date of November 4, 1931, plaintiff wrote defendant Moore as follows and defendant Moore signed an acceptance as indicated: "My dear Mrs. Moore: Confirming our verbal understanding as to the note for $3000.00 due October 28, 1931, and secured by a mortgage on Lot 11, Block 1, Shakespeare Beach: I agree to accept the sum of $1000.00 as payment on the principal, and will not press collection of the balance of said principal within a year from the date said note and mortgage were due. The entire balance of said principal ($2000.00) or any part thereof may be paid by you within the year. Interest at seven per cent to be paid quarterly as heretofore. Very truly yours, (Signed) Charlotte Canty. The above is hereby accepted (Signed) Georgette A. Moore."

It thus appears that the parties finally agreed upon an extension rather than a renewal and that they intended that this letter, signed by both parties, should evidence their agreement. Thereafter said defendant paid the sum of $1,000 on account of principal and plaintiff did not "press collection of

the balance'' until April 19, 1935, when this action was commenced.

We are at a loss to understand the claim that the letter of November 4, 1931, was insufficient to defeat the plea of the statute of limitations as to defendant Moore. By the signed acceptance of the terms of that letter, defendant Moore clearly admitted the continued existence of the indebtedness. This alone would permit the bringing of the action at any time within four years after the signing of said acceptance. But if the signed acceptance of the terms of that letter completed a valid agreement for an extension of one year as was obviously intended by the parties, said defendant is in no better position with respect to her plea of the statute of limitations as the effect of such extension would be to permit plaintiff to file her action at any time within four years after the extended due date. We find nothing conditional about the acknowledgment of the indebtedness or the promise to pay the same within the rule of *Rodgers* v. *Byers, supra*. The last portion of the letter merely gave to said defendant the option of paying the entire balance of the principal sum or any part thereof prior to the extended due date. We are therefore of the opinion that this letter, signed and accepted by defendant Moore, was sufficient to defeat her plea of the statute of limitations.

We may now briefly consider the above-mentioned contention with relation to defendant Beckjord. No extended discussion is required as no personal judgment was entered against said defendant Beckjord. It appears well settled that if the action to foreclose the mortgage was not barred as to defendant Moore by reason of her acknowledgment or promise in writing made while she was the owner of the property, then the action was not barred as to defendant Beckjord who was the successor in interest of said defendant Moore. (*Union Title Ins. Co.* v. *Maytag Co.*, 2 Cal. App. (2d) 48 [37 Pac. (2d) 512]; *Wood* v. *Willey*, 136 Cal. App. 197 [28 Pac. (2d) 367]; *Lent* v. *Morrill*, 25 Cal. 492; 16 Cal. Jur. 592.) In view of the conclusions heretofore expressed, we are of the opinion that the action to foreclose the mortgage was not barred as to either of said defendants.

Defendants further contend that ''the court erred in rendering a personal judgment against Moore''. The trial

court found that defendant Stilson conveyed the property to defendant Moore in 1926 and that defendant Moore "assumed and agreed to pay the note and mortgage on the aforesaid property". In our opinion, there was ample evidence to sustain this finding and there was therefore no error in rendering a personal judgment against said defendant. While no mention was made of the mortgage in the deed to defendant Moore, it was not necessary that the agreement to assume the mortgage should appear therein. As was said in *Hibernia Sav. & Loan Soc.* v. *Dickinson,* 167 Cal. 616, at page 621 [140 Pac. 265], "It is not necessary that the promise to pay the mortgage should appear in the deed, or in writing. 'The obligation may be made orally or in a separate instrument; it may be implied from the transaction of the parties, or it may be shown by the circumstances under which the purchase was made, as well as by the language used in the instrument. (*Hopkins* v. *Warner,* 109 Cal. 133 [41 Pac. 868].)' "

Defendants further contend that "there is a fatal variance between pleading and proof". This contention is based upon the following facts: In 1928 and about two years after defendant Stilson had conveyed the property to defendant Moore, said defendant Stilson and plaintiff executed a written instrument purporting to extend the time for payment of the principal sum to October 28, 1931. It will be noted that it was assumed by plaintiff and defendant Moore in the letter of November 4, 1931, that the principal had not become due until October 28, 1931, as provided in the extension agreement executed by plaintiff and defendant Stilson. In said extension agreement it was recited that defendant Stilson was "now the owner" of the property and it was thereinafter agreed that if she was not then the owner, the agreement for extension should be without any effect. When plaintiff filed her complaint, she alleged the execution of the note, mortgage and extension agreement by defendant Stilson, apparently assuming the correctness of defendant Stilson's representation that she was the owner of the property at the time of the execution of said extension agreement in 1928. It appeared upon the trial that defendant Stilson was not the owner of the property at the time she executed said extension agreement. The recitals in the findings show that defendant

Moore later appeared in the action by her counsel, waived service of summons and stipulated in open court that she "be substituted for defendant Jane Doe named as a defendant in this action, and that all evidence theretofore introduced on the trial of said cause should be admitted as to her on the decision of this case". The clerk's transcript contains a written stipulation signed by defendant Moore waiving notice of trial, consenting that the issues be submitted forthwith on the "evidence adduced heretofore on the trial" and waiving notice of further proceedings. The evidence previously adduced on the trial included all of said correspondence with defendant Moore, which evidence was admitted without objection on the part of any of the defendants. The claim of variance is apparently based upon the fact that the complaint alleged only the extension agreement executed by defendant Stilson while the proof included said extension agreement together with the above-mentioned correspondence with defendant Moore.

Such variance is not a material variance warranting a reversal as it does not appear that defendants were misled in presenting their defense. (*Murnane* v. *Le Mesnager*, 207 Cal. 485 [279 Pac. 800].) Furthermore, defendants first raised the claim of variance upon this appeal without having objected in the trial court to the evidence alleged to have been at variance with the pleadings. It appears settled that their claim of variance comes too late. (*Thompson* v. *M. K. & T. Oil Co.*, 5 Cal. App. (2d) 117 [42 Pac. (2d) 374]; *McDougald* v. *Hulet*, 132 Cal. 154 [64 Pac. 278].)

The final contention of defendants is that "it was error to admit over objection evidence of an alleged acknowledgment or new promise by Beckjord (Exhibit 8)". This objection relates to a letter written by defendant Beckjord to plaintiff in 1933, in which letter he referred to an enclosed check to cover interest and a payment of $100 on the principal. We need not discuss the question of error, for the error, if any, could not have been prejudicial. No personal judgment was entered against defendant Beckjord and, in view of the conclusions above reached, plaintiff was entitled to a judgment decreeing foreclosure of the mortgage against any successor in interest of defendant Moore without regard

to any alleged acknowledgment of the indebtedness by such successor.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 15, 1940.