### BLAZIER et al. v. WESTERN PIPE & STEEL CO. OF CALIFORNIA et al.
### No. 5727–Y.

United States District Court
S. D. California, Central Division.
Nov. 8, 1946.

---

David Sokol, Los Angeles, Cal., for plaintiffs.

C. L. McGaughey, Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

The above-entitled cause heretofore tried, argued and submitted, is now decided as follows:

Judgment will be for the plaintiffs, other than Blazier, Brown and Manser, for double the unpaid amounts, said amounts to be computed by counsel in accordance with Local Rule 7, Subdivision (h).

The Court also awards the plaintiffs the sum of $75 as an attorney's fee.

### Comment

It is established beyond dispute that the plaintiffs were required to, and did, report before the actual beginning of the work day. They, therefore, performed services for which they were entitled to be compensated as overtime, Fair Labor Standards Act of 1938, Sec. 16(b), 29 U.S.C.A. § 216 (b), and which they were not paid. The only question is whether recovery is barred by Section 338(1) of the California Code of Civil Procedure, which limits to three years the time for recovery upon a liability created by statute.

A study of the letter of August 21, 1946, convinces me that it is a sufficient acknowledgment under Section 360 of the California Civil Code of Procedure so as to entitle the plaintiffs to recover for the entire unpaid reporting time, regardless of the three-year limitation. The letter identifies the debt as a "certain reporting time" which "is reimbursable". It fixes the time limit for the filing of a claim. This is sufficient identification of the debt and of the defendant's obligation to pay it. The later California cases define the purpose of this section to be: "to establish a rule, *not with respect to the character of the promise or acknowledgment from which a promise may be inferred,* but with respect to the kind of evidence necessary to prove the promise or acknowledgment." Easton v. Ash, 1941, 18 Cal.2d 530, 536, 116 P.2d 433, 436 (Italics added).

And letters of the most informal kind which identify a debt in much less definite

terms than this letter does, have been held to satisfy the requirement of the section so as to permit an action on the new promise. See Southern Pacific Co. v. Prosser, 1898, 122 Cal. 413, 52 P. 836, 55 P. 145; Fielding v. Iler, 1919, 39 Cal. App. 559, 179 P. 519; Bank of America Nat. Trust & Savings Ass'n v. Hunter, 1937, 8 Cal.2d 592, 67 P.2d 99; Andre v. Stilson, 1940, 37 Cal.App.2d 334, 99 P.2d 557; Bank of America Nat. Trust & Savings Ass'n v. Hollywood Improvement Co., 1941, 46 Cal.App.2d 817, 117 P.2d 13; In re Estate of Cole, 1942, 52 Cal.App.2d 520, 126 P.2d 660; Sterling v. Title Ins. & Trust Co., 1942, 53 Cal.App.2d 736, 128 P.2d 31; Wilson v. Waters, 1944, 66 Cal. App.2d 1, 151 P.2d 685.

█ The acknowledgment of the debt brought with it the right to recover the double indemnity fixed by the statute. 29 U.S.C.A. § 216(b). While the acknowledgment is denominated a new promise, it is referable back to the original obligation. And as the failure to pay the original obligation would give rise to the right to recover double the amount and attorney fees, the recognition of the debt carries with it the same additional obligations.

█ No letters were sent to Blazier and Manser. They cannot be paid more than they have already received because the statute of limitations has run. The same is also true as to plaintiff Brown. The letter addressed to him was returned. This is as though it had never been sent. For an acknowledgment must be made to the party who has a right to have the debt paid. Acknowledgment to a stranger has repeatedly been held insufficient in California. See President, etc., of California College v. Stephens, 1909, 11 Cal. App. 523, 105 P. 614; Roper v. Smith, 1919, 45 Cal.App. 302, 187 P. 454. Unless the letter had been received by Brown, it does not amount to a promise to him.

Hence the ruling above made.

Findings and Judgment to be prepared by counsel for the plaintiffs under Local Rule 7.