30

E. Solé & Co., *S. en C.*, Plaintiff and Appellee, *v.* Salvador L. Rocafort et al., Defendants and Appellants.

No. 6337.   Argued May 1, 1933.—Decided May 8, 1933.

*González Fagundo & González, Jr.,* for appellants.  *Martínez Nadal & Martínez Rivera* for appellee.

Mr. Chief Justice del Toro delivered the opinion of the Court.

The appellee seeks the dismissal of the appeal in the present case.

The judgment appealed from contains the following recital of the proceedings had:

"After a hearing on the motion of defendants Salvador L. Rocafort and Domingo Quintana for the entry of a judgment in this case in accordance with the prayer of the complaint, and after overruling the demurrers interposed by them to the complaint for failure to state facts sufficient to constitute a cause of action for ambiguity, indefiniteness, and uncertainty, the defendants having been allowed 10 days to answer which they waived by their motion for the entry of final judgment, and as the complaint states a cause of action involving the collection of nine promissory notes, which are transcribed in said complaint and made part thereof, the first six being dated November 8, 1930, for the sum of $111.53 each, and the remaining three being dated the 21st of the same month and year, for the sum of $67.23 each, all of them containing a stipulation that if 'this note is not paid at maturity, the remaining notes subscribed by the same debtor on this same date shall also become due,' and as all of them are similar, and therefore, it is not a case of six distinct causes of action set out in an ambiguous, indefinite, or uncertain form, as alleged in the demurrers, that might prevent the defendants from answering with full knowledge of what is claimed, and in view of the decision in *American R. R. Co. of P. R.* v. *Quiñones,* 17 P.R.R. 247;

"The complaint is sustained and the defendants Salvador L. Rocafort and Domingo Quintana are adjudged to pay to plaintiff E. Solé & Co., *S. en C.*, the sum of $669.18 as the amount of the six promissory notes due on August 10, 1932, plus interest thereon at 10 per cent annually from said date, and the sum of $201.69 as the amount of the three promissory notes due on December 21, 1930, plus interest thereon at 10 per cent from the date of their maturity, together with $225 for attorney's fees expressly stipulated in the said promissory notes, and the costs and expenses of the proceeding not including the attorney's fees already allowed."

The following facts were alleged in the complaint:

"*First.*—That the plaintiff is a mercantile partnership organized under the laws of Puerto Rico, with a principal office located at San Juan; and that the defendants are over 21 years of age.

"*Second.*—That on November 8, 1930, defendant Salvador L. Ro-cafort subscribed and delivered to the plaintiff, for value received, six promissory notes each for $111.53 and maturing on the dates stated in the said notes, and that on November 21, 1930, he also subscribed and delivered to the plaintiff, for value received, three promissory notes, each for $67.23 and maturing on the dates stated in said notes. True and faithful copies of all the aforesaid notes are attached to the within complaint and are made part hereof.

"*Third.*—That all the above promissory notes, aggregating the sum of $870.87, are due, and neither the whole amount, nor any part thereof, nor the stipulated interest thereon at 10 per cent per annum, has been paid by defendant Salvador L. Rocafort.

"*Fourth.*—That defendant Domingo Quintana subscribed the aforesaid notes and constituted himself as principal debtor thereon in favor of the plaintiff.

"*Fifth.*—That in each and every one of the said notes, the defendants bound themselves *in solidum* to pay to the plaintiff the costs and the expenses incurred by the latter in the collection thereof, as also the sum of $25 fixed in each promissory note for attorney's fees.

"*Sixth.*—That neither of the defendants has paid to the plaintiff the amount of the notes in question, nor the interest thereon, nor attorney's fees, nor the costs incurred by the plaintiff, notwithstanding the several demands for payment made on each and every one of said defendants."

As stated in the complaint, copies of the nine promissory notes were attached thereto. Six of them are for $111.53 each and were subscribed on November 8, 1930, the first to mature on August 10, 1932, and the others successively in the following months. Each of them contains the statement that upon failure to pay any one of said notes when due, the remaining notes subscribed on the same date shall at once become due and payable. Three of the promissory notes are for $67.23 each and were subscribed on November 21, 1930, the first to mature on December 21, 1930, with a similar clause as to all the instruments becoming due and payable if default be made in any one of them.

The appellee maintains that the facts as alleged, which have been admitted as true by the appellants, prove so

clearly the right on its part that the appeal should be dismissed as frivolous.

The appellants urge on the contrary as follows:

"We firmly believe that the decision of the court in overruling the demurrers is erroneous, especially as regards the last demurrer, since the section previously cited by us MANDATORILY provides that where several causes of action are united and they are not separately stated, the defendant may interpose a demurrer. We were granted a term for filing an answer, but as we thought and still think that the ruling of the lower court is erroneous and is not appealable, we then asked that a judgment be rendered in accordance with the decision overruling the demurrers, in order to appeal from the final judgment so that the error committed by the district court might be reviewed.

"The district judge cites in his judgment the case of *American R. R. Co. of P. R.* v. *Quiñones, supra;* but we fail to see that it has any application to the question raised herein.

"We have moved for a judgment in accordance with the ruling on the demurrers, because had we answered and allowed the taking of any evidence, the material defect which we have pointed out would have been absolutely cured and we even would have abandoned the demurrer.

"Of course, each promissory note falling due on a particular date constitutes a cause of action accruing to the plaintiff as against the defendants, and although it is true that under section 104 of the Code of Civil Procedure already cited such causes of action may be united, it is none the less true that they must be separately stated, and it is for this reason that we took the aforesaid demurrer.

"The only ground on which the plaintiff and appellee bases its motion to dismiss the appeal is that the same is entirely frivolous, and if it should clearly appear that one of the demurrers was well founded and that it should have been sustained, thus giving the plaintiff an opportunity to amend his complaint, it is obvious that the appeal is not frivolous and that the plaintiff is to blame if the prosecution of the suit is delayed."

We think that the motion should be granted. In whatever aspect the case might be regarded, the appeal taken therein appears to be frivolous.

That the complaint states a cause of action, namely, that the defendants owe and are bound to pay to the plaintiff the

sums claimed by the latter precisely as ordered by the court in its judgment, is so clear that the appellants themselves have practically withdrawn their demurrer for insufficiency. This court has dismissed as frivolous appeals taken in similar cases. *Avilés* v. *Succrs. of Suárez,* 42 P.R.R. 324; *Schlüter* v. *Villafañe,* 41 P.R.R. 305; *E. Solé & Co.* v. *Crescioni et al.,* 38 P.R.R. 878; *Banco Masónico* v. *López & Co. et al.,* 38 P.R.R. 169; *Banco Comercial* v. *Perales et al.,* 38 P.R.R. 165.

The appellants concentrate all the force of their argument on the second demurrer, namely, that the complaint is ambiguous, unintelligible, and uncertain based on subdivision 7 of section 105 of our Code of Civil Procedure. The appellants do not claim that several causes of action were improperly joined—subdivision 5 of said section 105. They expressly admit that the various causes of action stated, according to them, in the complaint may be joined. Their contention is that the said causes of action were not separately stated, as required by the last paragraph of section 104 of the Code of Civil Procedure.

The frivolousness charged becomes readily apparent in view of the jurisprudence established in California when subdivision 5 of section 430 of the Code of Civil Procedure of that State was similar to subdivision 5 of section 105 of our Code, thus:

"The demurrer to the complaint was properly overruled. The ground of demurrer was that two causes of action were united, and were not separately stated; one for breach of warranty that defendant would not injure plaintiff's business, and one for a breach of his contract not to carry on the business. I do not think that two causes of action are stated, or were intended to be stated; but if it were otherwise it is not ground of demurrer. The Code of Civil Procedure, section 430, specifies all the grounds of demurrer. The fifth is, 'That several causes of action are improperly united'.

"This provision applies to causes of action which cannot be embraced in the same action, though separately stated, and not to causes

of action which may properly be joined in the same action under section 427, but which are not 'separately stated,' as required by the last-named section.

"The remedy is therefore not by a demurrer but by a motion to make the pleading more definite and certain by separating and distinctly stating the different causes of action." (Pomeroy's Code of Remedies, sec. 447. See, also, sec. 446, and *Bernero* v. *South British etc. Co.*, 65 Cal. 386, and *Fraser* v. *Oakdale Lumber etc. Co.*, 73 Cal. 187, 190.) *City Carpet, etc. Works* v. *Jones,* 102 Cal. 506, 509–510.

It was after section 430 of the Code of Civil Procedure of California was amended in 1907 (*Huene* v. *Cribb,* 9 Cal. A. 141; 98 Pac. 78), by adding to subdivision 5 thereof the words "or not separately stated," that the failure to separately state the causes of action became a ground for demurrer, and even after such amendment it was held in *Fairchild etc. Co.* v. *Southern etc. Co.,* 158 Cal. 264, 267:

"The first point urged by appellant is that the two contracts were separate and independent, that the breach of each would be a cause of action, irrespective of the other, and, hence, that the complaint avers two causes of action which are not separately stated. This objection is now made a ground of demurrer. (Code Civ. Proc., sec. 430.) It is one of the grounds of the demurrer to the complaint, which was overruled in the court below. It may be admitted that the contracts were independent, that the last was not a mere supplement to or alteration of the first and that two causes of action are alleged. It is evident that this method of stating the plaintiff's case did not prevent the defendant from presenting its defense, or its case, to the court as fully and effectively as it could have done if each contract had been pleaded separately as the foundation of a distinct cause of action. . . . The method of pleading did not prejudice the defendant. . . . This error, of itself, would not justify a reversal of the judgment."

Where and how do the defendants and appellants appear at all prejudiced by the form in which the complaint was presented? What more was needed for them in order to answer, or to plead any defense they might have to any or all of the promissory notes textually transcribed and

made part of the complaint in a clear and unmistakable connection with its averments? The mere insistence upon compliance with a form which under the facts is not material should not be ground for delaying a litigation during the period required for the determination of an appeal, which period at present appears exceedingly long owing to the great amount of work on our hands. The reasoning in the *Fairchild* case, *supra,* would, therefore, be applicable to the case at bar, even though the objection in question might be raised by demurrer.

But there is more. Going into the merits of the special demurrer taken, where in the complaint are shown the ambiguity, indefiniteness, and uncertainty to which the statute refers? We, at least, are unable to find them.

But there is still even more. There is a line of cases from Alabama, Connecticut, Illinois, Iowa, and South Carolina, which when applied to the instant case justify the conclusion that not only no material or prejudicial error has been committed but that there was no error at all. Said cases hold, in short, as follows: In an action on several promissory notes concerning the same parties it is considered that there is a single cause of action embracing several items which may be set out in a single count. The grounds on which this rule is based are, in our opinion, so well stated in a case from Illinois that, for a better illustration, we will transcribe them almost in their entirety. We refer to the case of *Godfrey et al* v. *Buckmaster,* 2 Ill. 446, 449, in which the Supreme Court of Illinois, nearly a century ago, expressed itself as follows:

"The plaintiff counted on six several promissory notes, made payable at the same time, for the sum of one thousand dollars each, and included the whole of the notes in a single count of the declaration. The count describes the notes according to their tenor and legal effect, and assigns the breach of the promise to pay as to each and to the whole of the notes.

"To this declaration the defendants specially demurred, and assigned for cause, a want of form by joining the notes in the same count. The Circuit Court, holding the demurrer not well taken, overruled it, and rendered final judgment for the plaintiff. A writ of error has been prosecuted, and it is now assigned for error—First, that the declaration contains different and distinct causes of action in one count, and that this count is therefore double; Secondly, that the judgment on the demurrer should have been *respondeas ouster.*

"It is now argued by the counsel for the plaintiffs in error, that although the several and distinct promises of the defendants could be joined in one action, yet the promises being several and distinct they should have been declared on in separate and distinct counts.

"To this position, it may be remarked, that the present case is not one of a misjoinder of causes of action so different in their nature as to fall within the rule which would render a declaration bad because of such joinder; nor can we perceive how it is a cause even for special demurrer for want of form. The count is no way defective in its form, but it is said to be defective in substance, because it combines the six notes in the description thereof, and has assigned the breach of non-payment of all in the same count. And it is further insisted that each note should have been set out in different counts, and that not being done the declaration is double.

"" *         *         *         *         *         *         *

"There is no misdescription, no incongruity or want of accuracy or certainty in the count which is even formally perfect: and hence the cause of demurrer assigned is not established. We are entirely satisfied that no valid objection can be raised to the count.

"The six notes are identical with each other, being for the same sum, of the same date, and payable at the same time, and might well be joined in the same count most conveniently, without ambiguity or perplexity. Indeed it is most desirable, where it can be done without producing confusion, when the causes of action are of the same nature and may be clearly set forth together, that this mode of declaring should be adopted. No possible embarrassment can arise, for the defendant may avail himself of every defense. He may plead specially to each note separate matters of defense, or he may plead the general issue and give special matter in evidence in defense to any or to all the notes. Suppose, instead of the six notes, there had been but one payable by installments on six different days, would it be objected that the promises and breaches could not be set forth in the same count? We apprehend not. The promises then being

on separate pieces of paper will not surely change the rule nor the reason of it, nor can the count be double because it described several notes. The description of the six notes in separate counts would have been no more clearly nor accurately described than they have been in one, and the useless verbiage which would in framing them have to be observed is thus desirably avoided.

"The authorities cited by the counsel for the plaintiffs in error, and particularly those in Gould's Pleading, are far from sustaining the grounds assumed in support of the writ of error, while those in the 4th and 13th Johnson's Reports, clearly sustain the Court. In our system of practice it is of infinite importance to introduce precision and conciseness; and whatever tends to dispense with prolixity and useless recapitulation, should be encouraged.

"On the second point the practice is plain. The judgment in chief was correct. If the defendants wished to plead to the merits of the action, they should have withdrawn their demurrer, and applied to the Court to answer over. This doubtless would have been granted. It could not compel the withdrawal of the demurrer; and as the defendants chose to stand by it, the Circuit Court could render no other than a final judgment on the pleadings as they stood.

"The judgment is affirmed with costs."

The fact that two sets of promissory notes are involved in the instant case makes no difference. In both sets the notes are of a similar character and in all of the instruments the principal and the solidary surety are the same, the terms being identical. The only difference is that six of the notes are for $111.53 each and bear a certain date and three are for $67.23 each and bear a different date. In this respect there is no room for the slightest confusion, as literal copies of all the promissory notes are attached to the complaint and made part thereof.

The appeal must be dismissed as being frivolous.