Ernesto Fernando Schlüter, haciendo negocios bajo el nombre comercial de Schlüter & Co., Sucesores, demandante-apelado, *v.* Rosa Villafañe de Buxó y Francisco Buxó, demandados-apelantes.

No. 5371.—*Sometido:* Julio 7, 1930. *Resuelto:* Julio 10, 1930.

*González Fagundo & González Jr.,* abogados de los apelantes; *E. Campos del Toro,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se solicita la desestimación de la apelación interpuesta en este caso el 10 de junio último, por frívola.

La demanda alega que el demandante es tenedor de cuatro pagarés que los demandados suscribieron y le entregaron, transcribiéndose en ella los pagarés, uno por $813.24, otro por $271.08, otro por $1,084.32 y otro por $609.29. Se alega además que a cuenta del pagaré por $609.29, los demandados abonaron $200 que fueron aplicados al pago de intereses de mora y el remanente al principal, quedando el pagaré reducido a $424.52; que todos los pagarés están vencidos y no han sido satisfechos, no obstante las gestiones realizadas por el demandante cerca de los demandados para ello.

Contestaron los demandados negando que el demandante fuera el tenedor de los pagarés, aceptando el abono de los $200, y alegando como defensa que dichos $200 se entregaron

para prorrogar el vencimiento de todos los pagarés hasta la zafra de 1930, lo que fué aceptado por Schlüter & Co., Sucesor. La contestación no está jurada.

Fué el pleito a juicio. Sólo compareció el demandante. Se presentó por éste su prueba. Solicitó el demandante permiso que le fué concedido para enmendar su demanda a fin de conformarla con la prueba, y la corte dictó sentencia, fundada en una relación del caso en que declara probados los hechos en que basa su reclamación el demandante, concediendo lo solicitado en la demanda tal como quedó finalmente enmendada.

No conformes los demandados, interpusieron esta apelación que es, en verdad, enteramente frívola.

█ Si bien la parte apelante compareció al acto de la vista de la moción, no archivó impugnación alguna por escrito. Nada oralmente manifestó que constituya un motivo justificado para sostener su apelación.

La autenticidad de los documentos transcritos en la demanda fué admitida al no contestar los demandados bajo juramento. Artículo 119 del Código de Enjuiciamiento Civil. Eso no obstante, a mayor abundamiento, el demandante presentó su prueba en el acto del juicio, que, como hemos dicho, fué considerada suficiente por la corte.

Se sostuvo por los apelantes que no obstante la admisión de la autenticidad de los documentos y de la certeza de la deuda, se planteó la defensa de prórroga del vencimiento de la obligación. Para decidir que esa contención carece de mérito, bastará recordar que, como antes expusimos, los demandados no comparecieron al juicio, dejando así abandonada su defensa, y referirnos al caso del *Banco Comercial de Puerto Rico* v. *Perales,* 38 D.P.R. 183. *Véanse además* los casos del *Banco Masónico de Puerto Rico* v. *Heraclio López y Co.,* 38 D.P.R. 187 y de *E. Solé & Co.* v. *Crescioni,* 38 D.P.R. 976.

█ Tratándose como se trata de una apelación entera-

mente frívola, no es necesario esperar que transcurran los noventa días a que se refiere la sección 59 del Reglamento de esta Corte: *Banco Comercial de Puerto Rico* v. *Perales, supra.*

*Se desestima la apelación.*