María Luisa Avilés Viuda de Beiso, demandante y apelada, *v*. Sucesores de Angel Suárez, representados por su socio gestor, José Moreda; Alberto Moreda, Alvaro C. Cifuentes, José Moreda y José Irizarry Cruz, demandados y apelantes.

No. 5498.—*Sometido:* Mayo 18, 1931. *Resuelto:* Mayo 26, 1931.

*José Sabater,* abogado de los apelantes; *Nazario & García Méndez,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

María Luisa Avilés viuda de Beiso demandó en la Corte de Distrito de Mayagüez a José Moreda, Alberto Moreda, Alvaro C. Cifuentes y José Irizarry, el primero por sí y además como socio gestor de la mercantil Sucrs. de Angel Suárez, en cobro de $547.47, procedentes de un pagaré por $675 que se transcribe en la demanda, suscrito por los demandados y entregado a la demandante.

Los demandados contestaron alegando que sólo debían $445 de principal e intereses. Como defensa especial alegaron que dada la cantidad que debían, la Corte de Distrito no tenía jurisdicción original para intervenir en el litigio. La contestación no está jurada.

Fué el pleito a juicio y la Corte lo falló condenando a los demandados a pagar a la demandante $527.10, intereses y costas.

La diferencia de $20 que se advierte entre la sentencia y la demanda, la explica el juez sentenciador así:

"Asimismo produjo la demandante prueba documental informada por toda la correspondencia habida entre ella y el demandado señor Moreda, en relación con la cuenta adeudada por los demanda-

dos, presentando las copias de las cartas a que se refiere la moción de *subpoena* obrante en el récord y radicada por la demandante en 29 de mayo de 1930 por no haber comparecido el demandado presentando los originales. La prueba de los demandados, consistente en la declaración del señor Alvaro Cifuentes se limitó a probar un pago adicional de veinte dólares hecho con carácter de abono con fecha 20 de diciembre de 1929, el cual abono fué aceptado como verdaderamente hecho según moción radicada por los abogados de la demandante el mismo día del juicio, junio 2 de 1930.''

Contra esa sentencia dictada el 27 de junio de 1930, apeló la demandada Sucesores de Angel Suárez el 6 de agosto de 1930, y los otros demandados, a quienes la sentencia se les notificó el 31 de diciembre de 1930, apelaron el 28 de enero de 1931.

En la mañana del 8 de mayo actual la apelada pidió la desestimación del recurso interpuesto el 28 de enero 1931, por no haberse radicado en tiempo la transcripción y por ser enteramente frívolo, y en la tarde del propio día los apelantes radicaron la transcripción, compuesta únicamente del legajo de la sentencia, presentando el 16 de mayo una moción oponiéndose a la desestimación solicitada.

Hemos examinado cuidadosamente ambas mociones, los documentos acompañados a ellas y el legajo de la sentencia, y a nuestro juicio la desestimación procede por los dos motivos que se solicita.

■ Resulta claro que si bien los apelantes estaban tramitando la aprobación de la transcripción de la evidencia en la Corte de Distrito, dejaron vencer una prórroga que se les concediera sin presentarla dentro de ella, ni solicitar nueva prórroga dentro del término. Y así, de acuerdo con los hechos y la ley, también quedaba vencido el término para archivar los autos en este Tribunal, sin que pueda considerarse como buena la defensa de haberlos archivado finalmente porque lo fué un día después de notificada a los apelantes la moción de desestimación y horas más tarde de archivada la moción en esta Corte Suprema.

■ En cuanto a la frivolidad, es manifiesta, a nuestro

juicio. La autenticidad del pagaré en que se basa la reclamación quedó admitida tanto por la falta de juramento de la contestación, cuanto por las expresas alegaciones de los demandados. Sólo se suscitó una cuestión de reducción de la deuda a virtud de abonos que se alega que se habían hecho, y como consecuencia de la disminución a menos de quinientos dólares, la defensa de jurisdicción.

De la moción de oposición resulta que la apelación descansa únicamente en la cuestión de jurisdicción. La demanda fué por más de quinientos dólares y también la sentencia. Eso es todo lo que resulta del legajo de la sentencia archivado, aun entrando en su plena consideración. ¿Cómo es posible con tal base sostener el recurso? Se trata simplemente de dilatar el cumplimiento del fallo recurrido.

Ahora bien, tanto la apelación que hemos venido considerando como la interpuesta contra la misma sentencia el 6 de agosto, 1930, se han tramitado en esta Corte bajo un mismo número. La parte apelada solicitó la desestimación del recurso establecido el 6 de agosto, el 20 de noviembre de 1930, y su moción fué declarada sin lugar el 11 de diciembre siguiente. Así quedó el caso sin gestionarse nada más en él hasta el 30 de abril último en que esta Corte por su propio acuerdo ordenó a la parte apelante que compareciera el 18 de mayo actual a exponer las razones que tuviera para que no se desestimara la apelación por abandono. Compareció la parte, en efecto, y alega y demuestra que se está tramitando en la Corte de Distrito una transcripción de la evidencia, motivo por el cual pide que no se desestime la apelación.

La regla 59 del Reglamento de esta Corte dispone que no obstante las prórrogas concedidas por la Corte de Distrito, podrá desestimarse la apelación expirado, como aquí, el término de noventa días desde la fecha de la presentación del escrito, si se probare que no se había proseguido con la debida diligencia.

Si se tratara simplemente de la tramitación de la aprobación de la transcripción de la evidencia, examinados los

documentos presentados, no estaríamos en verdad en condiciones de decir que la dilación era imputable a la falta de diligencia de la apelante, pero, como hemos visto, a virtud del examen del legajo de la sentencia, que se trata de un recurso enteramente frívolo, creemos que también debe ser desestimada la apelación interpuesta el 6 de agosto.

*Por virtud de todo lo expuesto, ambos recursos serán desestimados.*