4

Manuel Muñiz Cintrón, demandante y apelado, v. Francisco Vivas Capó y Francisca Rodríguez González, demandados y apelantes.

No. 6146.—*Sometido:* Noviembre 7, 1932. *Resuelto:* Noviembre 10, 1932.

*Angel Fiol Negrón,* abogado de los apelantes; *Francisco R. Cortés,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Uno de los motivos alegados por el apelado para que desestimemos este recurso es porque la orden de la corte para que el taquígrafo prepare la transcripción de evidencia para la apelación debe expedirse inmediatamente que se radique el escrito de apelación y nunca debe esperar la corte que el apelado solicite dicha orden. La ley dice lo contrario, pues la No. 27 de 27 de noviembre de 1917 (Leyes de 1917 (II) p. 275) proveyendo para la substitución, a opción de parte,

del pliego de excepciones y exposición del caso por una transcripción de la evidencia preparada por el taquígrafo dispone en su sección primera que la solicitud para que se prepare la transcripción por el taquígrafo deberá presentarse dentro de diez días después de haberse archivado el escrito de apelación.

■ También alega el apelado que al conceder la corte inferior prórrogas al taquígrafo en exceso de sesenta días violó la expresada ley, según quedó enmendada su sección tercera por la Ley No. 81 de 26 de junio de 1919 (Leyes de 1919, p. 675). La sección tercera enmendada dispone que el término concedido al taquígrafo para preparar la transcripción de la evidencia puede ser prorrogado por la corte y que si dejare, sin excusa legítima, de preparar dicha tanscripción en el término de sesenta días, deberá ser compelido a ello por la corte usando los medios coercitivos procedentes. Puesto que la corte concedió otra prórroga al taquígrafo y no usó medios coercitivos contra él debemos suponer que justificó ante la corte excusa legítima para no haber hecho la transcripción dentro de los sesenta días y la apelación no debe ser desestimada por el motivo alegado.

■ De las constancias del pleito traídas ante nosotros aparece que en él se cobra cierta cantidad de dinero e intereses de un préstamo constituído a favor del demandante garantizado con hipoteca, constante en escritura pública; que esa obligación está vencida y no ha sido pagada; que el demandado-apelante es dueño actualmente de la finca hipotecada por haberla adquirido por permuta según consta en escritura pública, en la que el demandado adquirente consignó que se hacía cargo del pago del capital y de los intereses al acreedor hipotecario y se reservó dinero para dicho pago; que el demandado y su esposa negaron generalmente los hechos de la demanda y en el juicio presentó el demandante prueba documental y testifical, sin que los demandados presentasen prueba alguna; y que recayó la sentencia condenatoria apelada.

Los hechos expuestos demuestran la frivolidad de esta

apelación, pues constando en escritura pública la deuda hipotecaria reclamada y habiendo adquirido los demandados la finca hipotecada haciéndose cargo de pagar la hipoteca y sus intereses y reservándose dinero del precio de la permuta para pagar esa deuda, como consta de otra escritura pública, y no habiéndose presentado prueba en ·contrario, no cabe duda de que el actual dueño está obligado a pagar esa hipoteca, por lo que es frívola la apelación interpuesta contra la sentencia condenatoria de pago y por ese motivo *debe ser desestimada.*