E. Solé & Co., S. en C., demandante y apelada, *v.* Salvador L. Rocafort y Domingo Quintana, demandados y apelantes.

No. 6337.—*Sometido:* Mayo 1, 1933. *Resuelto:* Mayo 8, 1933.

* Nota: Véase el prefacio.

*González Fagundo y González Jr.* abogados de los apelantes; *Martínez Nadal y Martínez Rivera,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso interpuesto en este caso.

La sentencia recurrida contiene una narración de los procedimientos. Es así:

"Vista la moción de los demandados Salvador L. Rocafort y Domingo Quintana, para que se dicte sentencia en este caso de acuerdo con los términos de la demanda, después de declaradas sin lugar las excepciones previas presentadas por los mismos de no aducir la demanda hechos suficientes para determinar una causa de acción y de ser ambigua, dudosa e ininteligible, y de concedido a los demandados el término de 10 días para contestar, al cual renuncian por su moción para que se dicte sentencia, y por cuanto la demanda expresa una causa de acción y se trata del cobro de nueve pagarés, que en copia se acompañan a la demanda y se hacen formar parte de la misma suscritos los seis primeros el 8 de noviembre, 1930, por valor de $111.53 cada uno y los tres restantes el día 21 del propio mes y año

por valor de $67.23 cada uno, conteniendo todos y cada uno la condición de que si 'vencido este paparé y no satisfecho se consideran también vencidos los demás firmados por dicho deudor en esta misma fecha por el mismo concepto', y siendo todos del mismo tenor, por lo que no se trata de seis distintas cáusas de acción expuestas en forma ambigua, ininteligible y dudosa como se alega en el escrito de excepciones previas que impida a los demandados contestar con pleno conocimiento de lo que se reclama, y visto el caso de The Am. R. R. Co. v. Quiñones, 17 D.P.R. 261.

"Se declara con lugar la demanda y se condena a los demandados Salvador L. Rocafort y Domingo Quintana a pagar a la demandante E. Solé & Co., S. en C., la suma de $669.18 de los seis pagarés vencidos el 10 de agosto de 1932 y sus intereses al 10% anual desde dicha fecha, y $201.69 de los tres pagarés vencidos el 21 de diciembre de 1930 y sus intereses al 10% anual desde su vencimiento, más $225 de honorarios de abogado convenidos expresamente, según los referidos pagarés, y las costas y gastos del procedimiento, excluyendo los honorarios ya concedidos.''

En la demanda se alegaron los siguientes hechos:

"Primero.—Que la demandante es una sociedad mercantil constituída de acuerdo con las Leyes de Puerto Rico, y con oficina principal en esta ciudad de San Juan; y los demandados son mayores de 21 años.

"Segundo:—Que en 8 de noviembre de 1930, el demandado Salvador L. Rocafort, suscribió y entregó a la demandante, en cuya posesión se encuentran por valor recibido, 6 pagarés cada uno por la suma de $111.53, para vencer en las fechas que en dichos pagarés se mencionan, y en 21 de noviembre de 1930, suscribió y entregó también a la demandante, en cuya posesión se encuentran por valor recibido, 3 pagarés cada uno por la suma de $67.23 para vencer en las fechas que en dichos pagarés se mencionan. Se acompañan a esta demanda y se hacen formar parte de la misma copias fieles y exactas de todos los pagarés referidos.

"Tercero:—Que todos los pagarés citados, que ascienden en total a la suma de $870.87, están vencidos y ni el total ni parte de los mismos ni sus intereses convenidos al 10% anual, no han sido satisfechos por el demandado Salvador L. Rocafort.

"Cuarto:—Que el demandado Domingo Quintana suscribió los pagarés referidos y se constituyó en principal pagador de los mismos a favor de la demandante.

"Quinto:—Que en todos y cada uno de los pagarés referidos, los

demandados se obligaron solidariamente a pagar a la demandante las costas y gastos que ésta incurriera en el cobro de los mismos, así como la suma de $25.00 asignados en cada pagaré para honorarios de abogado.

"SEXTO:—Que los demandados ni ninguno de ellos ha pagado a la demandante el importe de los pagarés referidos, ni sus intereses, ni los honorarios y costas incurridos por la demandante, a pesar de los muchos requerimientos hechos a dichos demandados y cada uno de ellos."

Como en la demanda se indica, se acompañaron a ella copias de los nueve pagarés. Seis son por $111.53 cada uno, firmados todos el ocho de noviembre de 1930 para vencer el primero en agosto 10, 1932, y en sucesivos meses los demás, y en todos ellos se consigna que vencido un pagaré y no pagado se considerarán vencidos todos los otros firmados en la misma fecha, y tres por $67.23 cada uno, firmados todos el 21 de noviembre de 1930 para vencer el primero en diciembre 21, 1930, con la misma cláusula de vencimiento de todos por el vencimiento y no pago de uno.

La parte apelada sostiene que surge tan claro su derecho de los hechos alegados cuya verdad ha aceptado la apelante, que la apelación debe desestimarse por frívola.

La parte apelante se ha opuesto alegando lo que sigue:

"Creemos firmemente que la resolución de la corte declarando sin lugar las excepciones previas es errónea especialmente en cuanto se refiere a la última excepción toda vez que el artículo que antes hemos citado ordena IMPERATIVAMENTE que cuando se acumulen varias causas de acción y no se expongan separadamente, el demandado tiene derecho a levantar tal excepción. Se nos concedió un término para contestar la demanda, pero como creímos y creemos que la resolución de la corte inferior es errónea y no es apelable, para poder revisar el error en que incurrió la Corte de Distrito pedimos entonces que dictara sentencia de acuerdo con la resolución declarando sin lugar las excepciones previas, para entonces apelar de la sentencia final.

"El Juez de Distrito en su sentencia cita el caso de American Railroad Co. vs. Quiñones, 17 D.P.R. pág. 261 y no vemos qué aplicación pueda tener a la cuestión que aquí se ventila.

"Hemos pedido que se dictara sentencia de acuerdo con la resolución de las excepciones previas, porque si hubiéramos contestado

la demanda y permitido la prueba, se curaba en absoluto el defecto sustancial que hemos alegado y hasta renunciábamos a la excepción previa.

"Claro es que cada pagaré que vence en distinta fecha es una causa de acción que tiene la demandante contra los demandados, y si bien es verdad que de acuerdo con el artículo 104 que antes hemos citado pueden acumularse, no es menos cierto que deben exponerse separadamente y por eso levantamos la excepción antes referida.

"El único fundamento que tiene la parte demandante apelante para pedir la desestimación de la apelación es que es completamente frívola y si aparece claramente que una de las excepciones está bien fundada y que ha debido declararse con lugar dándole una oportunidad a la demandante para enmendar su demanda, claro es que no hay frivolidad y que si el pleito se tarda es culpa de la parte demandante."

Creemos que la moción debe ser declarada con lugar. Bajo cualquier aspecto que el caso se considere, el recurso interpuesto en el mismo resulta frívolo.

■ Que la demanda aduce hechos determinantes de la acción que en la misma se ejercita, esto es, que los demandados deben y están obligados a pagar a la demandante las sumas que ésta les reclama tal como se lo ordenó la corte en su sentencia, es tan claro que la misma parte apelante ha abandonado prácticamente su excepción de falta de hechos. Esta propia corte ha desestimado por frívolas apelaciones en casos semejantes. *Avilés* v. *Sucrs. de A. Suárez*, 42 D.P.R. 334; *Schlüter* v. *Villafañe*, 41 D.P.R. 308; *Banco Comercial* v. *Perales*, 38 D.P.R. 183; *Banco Masónico* v. *Heraclio López & Co.*, 38 D.P.R. 187, y *E. Solé & Co.* v. *Crescioni*, 38 D.P.R. 976.

Toda la fuerza de su argumentación la concentra la parte apelante en su segunda excepción o sea la de que la demanda es ambigua, ininteligible y dudosa, autorizada por el No. 7 del artículo 105 de nuestro Código de Enjuiciamiento Civil. No alega el apelante que varias acciones se acumularon indebidamente—No. 5 del citado artículo 105. Expresamente admite que las varias acciones ejercitadas según él en la demanda son acumulables. Lo que sostiene es que no se expu-

sieron separadamente dichas acciones como ordena el último párrafo del artículo 104 del Código de Enjuiciamiento Civil.

■■ Inmediatamente surge el primer motivo de frivolidad, ya que la jurisprudencia de California establecida cuando el No. 5 del artículo 430 de su Código de Enjuiciamiento Civil era igual al No. 5 del artículo 105 del nuestro, ha resuelto de modo terminante lo que sigue:

"La excepción a la demanda fué correctamente declarada sin lugar.. El fundamento de la excepción fué que se acumularon dos causas de acción y no se adujeron separadamente. Una por incumplimiento de promesa de que el demandado no lesionaría los negocios de la demandante y otra por incumplimiento de su contrato de que no se dedicaría a ese negocio. No creo que se aleguen dos causas de acción o que fuera la intención alegarlas; mas si no fuere así, no creo que sea fundamento para una excepción previa. El Código de Enjuiciamiento Civil, artículo 430, especifica todas las causas que dan lugar a excepciones previas. La quinta de ellas es, 'Que varias causas de acción han sido acumuladas indebidamente.'

"Esta disposición es aplicable a dos causas de acción que no pueden ser acumuladas en la misma acción, aunque se aduzcan separadamente, y no a causas de acción que pueden ser acumuladas debidamente en la misma acción de conformidad con el artículo 427, pero que no son 'aducidas separadamente', conforme exige este último artículo.

" 'Por consiguiente, lo que procede no es una excepción previa sino una moción para que la alegación se haga más específica y cierta, separando y aduciendo claramente las distintas causas de acción.' (Pomeroy's Code Remedies, sec. 447. Véase también sec. 446, y Bernero v. South British etc. Co., 65 Cal. 386, y Fraser v. Oakdale Lumber etc. Co., 73 Cal. 187, 190)''. City Carpet etc. Works v. Jones, 102 Cal. 506.

Se necesitó enmendar el Código como se enmendó en California en 1907 (*Huene* v. *Cribb*, 9 Cal. App. 141.; 98 Pac. 78), agregando al No. 5 de su artículo 430 las palabras "or not separately stated", para que la no exposición separada fuera base de excepción previa, y aún después de la enmienda se decidió en el caso de *Fairchild etc. Co.* v. *Southern etc. Co.*, 158 Cal. 264, 267, lo que sigue:

"El primer punto suscitado por la apelante es que los dos contratos eran distintos e independientes, que el quebrantamiento de cada uno de ellos debe alegar una causa de acción, irrespectivamente del otro, y por ende, que en la demanda se alegan dos causas de acción que no son aducidas separadamente. Esta objeción se plantea ahora como fundamento de la excepción previa (Código de Enjuiciamiento Civil, artículo 430). Ella es uno de los fundamentos de la excepción a la demanda, que fué declarada sin lugar por la corte inferior. Podría admitirse que los contratos eran independientes, que el último de ellos no era un mero complemento o alteración del primero y que se han alegado dos causas de acción. Es evidente que este método de aducir el caso de la demandante no impidió a la demandada que presentara su defensa, o su causa, ante la corte tan plena y efectivamente como pudo haberse hecho si cada uno de los contratos hubiese sido alegado separadamente como fundamento de determinada causa de acción . . . Esta manera de alegar no perjudicó a la demandada . . . Este error por sí solo no justificaría la revocación de la sentencia."

■ ¿Dónde y cómo aparece perjuicio alguno para los demandados apelantes en este caso, a virtud de la forma en que se presentara la demanda? ¿Qué más necesitaban para contestar, para alegar cualquier defensa que tuvieran contra todos o contra cualquiera de los pagarés transcritos textualmente y hechos formar parte de la demanda en clara e inconfundible relación con sus alegaciones? Una mera insistencia en que se cumpla con una forma que de acuerdo con los hechos no resulta substancial, no debe servir de base para la dilación de un litigio por todo el tiempo que requiere la tramitación de una apelación, tiempo que resulta en verdad extraordinariamente largo en los momentos actuales en Puerto Rico, dado el exceso de trabajo que sobre esta corte pesa. Los razonamientos del caso de Fairchild etc. Co., supra, serían pues, aplicables a éste aún cuando la cuestión suscitada pudiera serlo por medio de una excepción previa.

■ Pero hay más. Yendo al mérito de la excepción expresamente levantada ¿dónde se advierten en la demanda la ambigüedad, ininteligencia o duda a que se refiere el estatuto? Nosotros, al menos, no podemos encontrarlas.

Y aún hay más todavía. Encuéntrase en la jurisprudencia una línea de casos de los estados de Alabama, Connecticut, Illinois, Indiana, Iowa y Carolina del Sur que aplicada a éste permite concluir que no sólo no se ha cometido en el mismo error substancial o perjudicial, si que tampoco error de clase alguna. En resumen, esa jurisprudencia es así. En un pleito sobre varios pagarés o notas en los cuales son las partes las mismas, se considera que existe una sola causa de acción que abarca varias partidas, que puede exponerse en una sola alegación. Y los motivos en que se funda la regla los encontramos tan bien expuestos en un caso de Illinois que, para mayor ilustración, los transcribiremos casi por completo. Nos referimos al caso de *Godfrey et al.* v. *Buckmaster*, 2 Ill. 446, 449, en el que la Corte Suprema de dicho estado hace cerca de un siglo se expresó así:

"El demandante se fundaba en seis pagarés solidarios, que vencían en igual fecha, por la suma de mil dólares cada uno, e incluyó todos los pagarés en una sola causa de acción de la demanda. Esta causa describía los pagarés de conformidad con el tenor y efecto legal de los mismos y alegaba el incumplimiento de pago de todos y cada uno de los pagarés.

"A esta alegación los demandados presentaron una excepción previa especial, señalando como causa el defecto de forma de haber unido todos los pagarés en una misma causa de acción. La corte de circuito al resolver que no procedía la excepción la declaró sin lugar y dictó sentencia final en favor del demandante. Se instituyó un recurso de error y ahora se señala como error, primero, que la demanda contiene varias causas de acción distintas en una sola causa y que por consiguiente esta causa es múltiple; segundo, que la sentencia dictada a virtud de la excepción previa debió ser *respondeas ouster*.

"Los letrados de los demandantes en el recurso de error sostienen ahora, que si bien las distintas promesas de los demandados podían unirse en una sola acción, sin embargo, siendo distintas las promesas debieron haberse alegado en diferentes causas de acción.

"A esta posición podría contestarse que el presente no es un caso de indebida acumulación de causas de acción tan distintas en su naturaleza que caigan dentro de la regla que hace que una demanda sea defectuosa debido a tal acumulación; tampoco podemos percibir cómo sea una causa en que pueda presentarse una excepción previa

especial de falta de forma. La causa de acción en manera alguna es defectuosa en cuanto a su forma, mas se alega que es defectuosa substancialmente toda vez que en ella se combina la descripción de los seis pagarés y alega el incumplimiento de todos ellos en la misma causa de acción. Se insiste además que cada pagaré debió haberse alegado en causa de acción distinta, y que no habiéndose hecho así la causa de acción es múltiple.

✳ ✳ ✳ ✳ ✳ ✳ ✳

"No existe una descripción errónea, ni incongruencia ni falta de precisión o certeza en la causa de acción, que aún en su forma es perfecta: y por ende no se ha establecido el fundamento de la excepción previa. Estamos plenamente convencidos de que no puede suscitarse ninguna objeción válida a la causa de acción.

"Los seis pagarés son idénticos entre sí, son por la misma suma, llevan igual fecha y vencen el mismo día y muy bien podían unirse convenientemente en la misma causa de acción, sin que para ello exista ambigüedad o perplejidad. En realidad es lo más deseable, cuando ello puede hacerse sin que produzca confusión y cuando las causas de acción participan de la misma naturaleza y pueden ser claramente expuestas conjuntamente con claridad, que este modo de alegar sea adoptado. No puede surgir confusión posible toda vez que la parte demandada puede aprovecharse de cualquier defensa que le asista. Puede alegar especialmente en relación con cada uno de los pagarés materia separada de defensa o puede negar generalmente y presentar como prueba materia especial en oposición a cualquier o a todos los pagarés. Supongamos que en vez de seis pagarés sólo hubiese habido uno pagadero en seis distintos plazos. ¿Padría entonces alegarse que las promesas de pago y los incumplimientos no podrían aducirse en la misma causa de acción? Creemos que no. El hecho de que se hagan las promesas en distintos pliegos de papel ciertamente no puede alterar la regla ni la razón de ella. Tampoco puede adolecer de multiplicidad la causa de acción por describir varios pagarés. Los seis pagarés no pudieron ser descritos en causas de acción distintas con más claridad ni precisión que lo fueron en una sola causa y la inútil verborrea que habría que observar al redactar las distintas causas de acción queda convenientemente abolida.

"Las autoridades citadas por el letrado de los demandantes en el recurso de error y particularmente las de Gould's Pleading, están muy lejos de sostener los fundamentos asumidos en apoyo del recurso de error mientras que las que figuran en los tomos 4 y 13 de Johnson's Reports claramente sostienen la corte. Es de suma importancia introducir precisión y brevedad en nuestro sistema de procedimiento; y

debe alentarse cuanto tienda a abolir la prolijidad y la inservible recapitulación.

"Sobre el segundo punto la práctica es clara. La sentencia en general era correcta. Si los demandados deseaban ir a los méritos del caso debieron haber retirado su excepción previa y solicitado permiso de la corte para contestar a la demanda. Indudablemente éste hubiera sido concedido. Ella no podía obligar a que se retirara la excepción y como los demandados eligieron acogerse a ésta, la corte de circuito no podía dictar otra sentencia que la final sobre las alegaciones que figuraban en los autos.

"Debe confirmarse la sentencia con costas."

La circunstancia de que aquí existan dos grupos de pagarés no empece. En ambos grupos los pagarés son de la misma naturaleza y en todos el deudor y el fiador solidario son los mismos, bajo idénticas condiciones. La sola diferencia consiste en que seis son por $111.53 cada uno y se firmaron en una fecha y tres son por $67.23 cada uno y se firmaron en otra. Y sobre ello no cabe la más leve confusión habiéndose acompañado además copias a la letra de todos los pagarés, haciéndolas formar parte de la demanda.

*Debe desestimarse, por frívolo, el recurso.*