Knights of Columbus Building Ass'n. of San Juan, Puerto Rico, demandante, apelada y apelante, v. José Arcílagos y Xavier Mariani, como albaceas testamentarios y guardadores o administradores judiciales interinos de la herencia de Francisco María Franceschi, etc., demandados, apelantes y apelados.

No. 6236.—*Sometido:* Mayo 8, 1933.  *Resuelto:* Mayo 16, 1933.

*H. G. Molina,* abogado de los apelantes y apelados; *Angel A. Vázquez,* abogado de la apelada y apelante.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Con fecha 5 de septiembre de 1928 los albaceas testamentarios y administradores judiciales interinos de la herencia de don Francisco María Franceschi incoaron contra la corporación Knights of Columbus Building Association of San Juan, Puerto Rico, un procedimiento ejecutivo en cobro de un crédito por la cantidad de $45,000 de principal, intereses a razón del 8 por ciento anual desde el 14 de septiembre de 1927 hasta el 14 de agosto de 1928, ascendentes a $2,400; intereses legales sobre dichos intereses desde la radicación del procedimiento ejecutivo, intereses estipulados a razón de 8 por ciento anual sobre el capital de $45,000 desde el 14 de agosto de 1928 hasta su definitivo pago, y un crédito adicional de $2,000 para costas, gastos, desembolsos y honorarios de abogado. El inmueble hipotecado, que aparece descrito en la demanda, fué adjudicado a la sucesión de don Francisco María Franceschi, la acreedora hipotecaria, por la cantidad de $25,000.

La corporación deudora, Knights of Columbus Building Ass'n. of San Juan, Puerto Rico, solicitó la nulidad del procedimiento ejecutivo en juicio declarativo por razones que es innecesario consignar. Los demandados reconvinieron y contrademandaron a la corporación mencionada, solicitando que en el caso de que prosperara la acción de nulidad se condenara a dicha corporación a satisfacer a los demandados además de las cantidades reclamadas en el procedimiento ejecutivo hipotecario la suma de $5,000 con sus intereses a razón del 8 por ciento anual desde el 14 de marzo de 1928 hasta su pago total, más la suma de $300 para costas, gastos y honorarios de abogado, importe de una segunda hipoteca otorgada por la demandante a favor del causante de los demandados. Se liquidaron los intereses y a instancias de la deudora hipotecaria se otorgó en 26 de agosto de 1927 esta segunda hipoteca, y se prorrogó hasta el 14 de julio de 1937 la primera hipoteca que había de vencer en 14 de julio de 1932, habiéndose reducido los intere-

ses de la primera hipoteca a $150 mensuales desde el día 14 de octubre de 1927 hasta el 14 de marzo de 1928. Desde esta fecha en adelante los interses deberían satisfacerse tal como aparece de la escritura original de constitución de hipoteca, o sea a razón del 8 por ciento anual.

La corte inferior declaró con lugar la demanda y decretó la nulidad del procedimiento ejecutivo, condenando a los demandados a restituir a la demandante el inmueble objeto de la hipoteca. También se declaró con lugar la reconvención y contrademanda, condenando a la demandante a satisfacer a los demandados, como condición precedente a la restitución del inmueble, la cantidad de $45,000 de principal, $2,400 de intereses devengados hasta el día 14 de agosto de 1928, intereses legales sobre dichos intereses desde la radicación del procedimiento ejecutivo el 5 de septiembre de 1928 hasta su definitivo pago, intereses estipulados a razón del 8 por ciento anual sobre el principal de $45,000 desde el día 14 de agosto de 1928 hasta su definitivo pago, más $5,000, importe de la segunda hipoteca, con intereses del 8 por ciento anual a partir del 14 de abril de 1928 hasta su definitivo pago, según se estipuló en la escritura de su constitución.

Los demandados interpusieron recurso de apelación contra el pronunciamiento declarando con lugar la demanda; la demandante apeló también contra la parte de la sentencia declarando con lugar la reconvención y contrademanda. Los demandados han presentado moción ante esta corte alegando que el recurso interpuesto por la demandante es frívolo y solicitando su desestimación.

■■ La corporación apelante se opone a la moción de desestimación por varias razones que pasamos a considerar. En primer término se alega que se ha declarado con lugar por la corte inferior una contrademanda sobre cobro de dinero dentro de una acción dirigida única y exclusivamente por la demandante para obtener la nulidad de un procedimiento sumarísimo hipotecario. Suponemos que la demandante se refiere a la segunda hipoteca constituída a favor del

causante de los demandados por la cantidad de $5,000. Esta hipoteca se constituyó sobre el mismo inmueble hipotecado con el propósito de conceder una prórroga que expiraba el día 14 de julio de 1937. Los demandados alegan que si no se inscribió fué porque la demandante, a pesar de las gestiones del acreedor, dejó de entregar la certificación del acuerdo de la junta de directores de dicha corporación, para presentarla en el Registro junto con dicha escritura de prórroga, requisito indispensable para su inscripción. El hecho de que no se haya inscrito esta segunda hipoteca en el registro de la propiedad no puede privar a los demandados del derecho de recobrar de la demandante la cantidad que legítimamente les debe. Los demandados no pudieron reclamar por la vía sumaria del procedimiento ejecutivo la referida suma de $5,000, porque no se cumplió con el requisito de la inscripción, pero ni estuvieron impedidos entonces ni están impedidos hoy de reclamar en un juicio plenario el pago de un crédito reconocido en documento público por la demandante, garantizado por el inmueble originalmente hipotecado, e íntimamente relacionado con la primera hipoteca, puesto que constituye una prórroga de la misma.

Se alega además por la corporación apelante que la corte de distrito la condenó al pago de intereses de la deuda principal, hasta que sea satisfecha, a pesar de que del contrato de hipoteca aparece que esos intereses sólo se devengarían hasta el 14 de julio de 1932. La demandante incurre en un error manifiesto. En la escritura garantizando el primer préstamo se dice que este préstamo se verifica por el plazo de siete años a partir del 14 de julio de 1925, y para vencer en igual día del año 1932. Se añade que el referido préstamo devengará intereses a razón del 8 por ciento anual, pagaderos el día último de cada mes. En la escritura otorgada en 26 de agosto de 1927, prorrogando la fecha del vencimiento de la obligación hasta el día 14 de julio de 1937, se fijan los intereses que han de pagarse a partir del mes que ha de vencer en 14 de octubre de 1927 hasta el mes que ha de vencer el 14 de marzo

de 1928, y se agrega que a partir de la mensualidad que ha de vencer el 14 de abril de 1928 dichos intereses deberán satisfacerse tal como aparece de la escritura original de constitución de hipoteca, o sea a razón de 8 por ciento anual.

■ Arguye la corporación apelante que la sentencia de la corte inferior ha exonerado a los demandados del pago de costas a pesar de que la temeridad de éstos al oponerse a la demanda de nulidad fué manifiesta. El error fundamental alegado en la demanda se basa en que los albaceas y adminitradores judiciales de la herencia de Francisco María Franceschi no tenían ni obtuvieron de corte competente autorización legal expresa para promover el procedimiento ejecutivo hipotecario ni tenían personalidad ni capacidad legal para demandar, ni podían asumir la representación de los herederos del causante Francisco María Franceschi. Consta en autos que estos herederos, después de radicado el escrito inicial y de expedida la orden de requerimiento se personaron en el procedimiento ejecutivo y solicitaron que se les hiciera parte en el mismo, autorizando a los administradores judiciales, don José Arcílagos y don Marcos Vecchini, para que continuasen unidos a ellos, figurando como partes en el procedimiento. La corte declaró con lugar la solicitud y desde ese momento los herederos demandados figuraron como partes en el procedimiento en unión de los administradores judiciales. Sin adelantar juicio alguno acerca del efecto que haya podido tener la comparecencia de los herederos en el procedimiento ejecutivo, entendemos que en presencia de estos hechos, satisfactoriamente probados, no es posible imputar mala fe y tachar de temerarios a los demandados.

■ Alega además la demandante que se la ha condenado a pagar intereses legales sobre intereses, a pesar de que ningún contrato existe sobre ese particular entre las partes. La sentencia condena a pagar intereses legales sobre dichos intereses desde la radicación del procedimiento ejecutivo el 5 de septiembre de 1928, hasta su definitivo pago. El artículo 1062 de nuestro Código Civil, edición de 1930, dispone que

los intereses vencidos devengarán el interés legal desde que son judicialmente reclamados aunque la obligación haya guardado silencio sobre este punto. No se trata en este caso de un contrato entre comerciantes ni de la prestación de una cosa destinada a actos de comercio.

■ Hemos examinado detenidamente la sentencia apelada. Todas las cantidades que la demandante queda obligada a pagar a los demandados, como condición precedente a la restitución del inmueble, se deben legítimamente por dicha demandante a los referidos demandados.

Estamos convencidos de que se trata de una apelación completamente frívola. Hemos abrigado algunas dudas acerca de la procedencia de desestimar el recurso interpuesto por la demandante sin que los demandados hayan desistido de la apelación por ellos interpuesta. Recordamos, sin embargo, que el abogado de los demandados, Sr. Henry G. Molina, durante la vista de esta moción de desestimación, hizo saber a esta corte que se proponía desistir del recurso promovido por los demandados en caso de que prosperase la moción de frivolidad. Ambos recursos están íntimamente relacionados y no procedería desestimar aisladamente ninguno de ellos. Seguros como estamos de que el abogado de los demandados espera nuestra decisión para, en caso de serle favorable, desistir de su apelación como anunciara en corte abierta, *declaramos con lugar la moción presentada por los demandados para que se desestime el recurso interpuesto por la demandante.*