Estela Burgos, demandante y apelada, *v.* Francisco Crespo, demandado y apelante.

No. 6797.—*Sometido:* Abril 1, 1935. *Resuelto:* Mayo 20, 1935.

*V. Polanco de Jesús,* abogado del apelante; *Bolívar Pagán* y *Adolfo F. García Rodríguez,* abogados de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

A una acción para recobrar un supuesto crédito cedido, en que el deudor original, según se alegaba, había sido substituído con el demandado, este último radicó una contestación alegando entre otras cosas algunas defensas especiales. Las controversias, después de celebrado el juicio, fueron resueltas en contra del demandado. Éste apeló de la sentencia. La transcripción de autos, que contiene solamente las alegaciones, fué elevada a este tribunal. Ninguna de la prueba aducida durante el juicio fué incorporada a la transcripción. En su debida oportunidad el apelante radicó su alegato en el cual el único error que alega es que la demanda es insuficiente para aducir una causa de acción.

Manuel Santiago Maldonado compró cinco parcelas de terreno a Justiniano Burgos y Albertano Burgos. Entonces, según la demanda, Maldonado quedó a deber a Valentín Burgos Santos cierta cantidad de dinero. Este último no era uno de los vendedores y la alegación de la demanda envolvía una conclusión de derecho. No se suscitó ningún punto específico contra este defecto. Existe, quizá, la indicación de que no se estableció nexo alguno entre el demandado y el cedente de la demandante. Desde luego, los vendedores po-

dían contratar que el dinero que se les debía se le pagara a un tercero.

La demanda también contenía la alegación de que el crédito perteneciente a Valentín Burgos Santos fué cedido a la demandante.

La principal objeción planteada ha sido hecha al cuarto párrafo de la demanda, que lee así:

"Que por dicha escritura pública No. 17, otorgada ante el notario público don Valentín Polanco de Jesús, en Ciales, el 24 de enero de 1928, el demandado Francisco Crespo Escalera quedó subrogado como deudor del crédito anteriormente referido, haciéndose cargo del pago de la deuda en la forma expresada, en lugar de Manuel Santiago Maldonado."

Convenimos con el apelante en que este párrafo alega una conclusión de derecho; que no se desprende claramente del mismo que la finca fué traspasada por Manuel Santiago Maldonado a Crespo, ni que este último se obligó a pagar la deuda del primero.

Parte de este error podría considerarse subsanado por la contestación. Sin embargo, el punto principal es que todos estos defectos fueron subsanados o suplidos por la sentencia dictada en el caso. La regla general de derecho es que la prueba que la corte tuvo ante sí justificó la sentencia. *Davis* v. *Albritton,* 127 Ga. 517, 119 A.S.R. 352, 8 L.R.A. (N. S.) 820; 15 R.C.L. 878, nota 16. El artículo 102 de la Ley de Evidencia en su inciso 18, Código de Enjuiciamiento Civil, 1933, sección 464, dispone:

"Todas las demás presunciones serán satisfactorias, si no fueren contradichas. Se denominan presunciones disputables y pueden controvertirse mediante otra evidencia. Corresponden a esta clase las siguientes:

"

"18.—Que todas las materias comprendidas en una cuestión, fueron sometidas al tribunal o jurado, y resueltas por el mismo; y de igual modo, que todas las materias comprendidas en una cuestión sometida a arbitraje, fueron sometidas a los árbitros y resueltas por éstos."

Las conclusiones de derecho pueden en esa forma ser subsanadas por una sentencia. *Penrose v. Winter,* 135 Cal. 289, 292, algo similar en sus hechos. Ese caso ha sido seguido en varios otros de California. Suplemento a las notas a este caso en California Reports 717; 49 C. J. 886, nota 19.

Al mismo efecto general se pronuncia 21 Cal. Jur. 283, nota 19.

Bajo estas condiciones la apelación es frívola. *Muñiz v. Vivas Capó,* 44 D.P.R. 4; *Knights of Columbus v. Arcílagos,* 45 D.P.R. 92; *Solé v. Rocafort et al.,* 45 D.P.R. 31.

*El recurso debe ser desestimado.*